GUNN'S ADMINISTRATOR, Appellant, *vs.* TODD, Respondent.

1. The subject matter of an original suit, during its pendency, may be used as a set-off by the plaintiff; and a final judgment may be pleaded as a set-off.
2. A demand for the amount of a note received for collection and converted, is not unliquidated damages, and is the subject of set-off.
3. *Kritzer* v. *Smith,* ante, affirmed.

### *Appeal from Weston Court of Common Pleas.*

Action begun in the Platte Circuit Court, and taken by change of venue to the Weston Court of Common Pleas. The record showed two amended petitions and answers. The original and first amended petition were for a balance alleged to be due on account of money received by defendant from plaintiff's intestate, after deducting a payment of $502. The last petition was founded upon a due bill, (which, it would appear, was discovered after the commencement of the suit,) for an amount slightly varying from the sum of money stated in the original petitions and answers to have been received. The plaintiff asked judgment for the amount of the due bill, allowing no credit for payment. The defendant, in his answer to this petition, after stating that the due bill was given for the money, and that he had paid $502, pleaded against the balance. 1st, The amount of a note received by plaintiff's intestate for collection and converted to his own use, as a set-off ; 2d, A judgment of the Probate Court prior to the commencement of this suit, in bar ; and 3d, The judgment as a set-off.

The record showed no replication to the last answer. At the trial, the defendant read in evidence the deposition of Bush, proving payment of $502 on an order, and offered evidence tending to sustain his first plea. He then read in evidence a judgment of the Probate Court in his favor against the plaintiff, as administrator, in connection with parol testimony that it was for the amount of the note mentioned in his first plea, less the balance then claimed to be due from him on account of

the money received from the intestate, which was allowed as a set-off.

The plaintiff, in rebuttal, was permitted to read in evidence an admission in the defendant's second answer, as to the amount of money received by him ; and thereupon the defendant was allowed to read the balance of his answer showing that he had set up the same pleas contained in his last answer.

The following instructions asked by plaintiff were refused :

2. If the jury believe from the testimony that the subject matter of the set-off is now pending in a suit between the same parties, commenced before the set-off in this case, then such set-off should not be considered by them.

3. Unless they believe from the testimony that plaintiff was credited by defendant or allowed by the Probate Court the same amount on the note or due bill sued on, they will find for plaintiff the amount of the note with interest.

4. If they believe from the testimony that the note or due bill was never before the Probate Court of this county, they will find for plaintiff the amount of the note with interest.

5. If they believe from the testimony that the judgment mentioned in defendant's set-off before the Probate Court has been appealed from to the Circuit Court, and is now pending and undetermined, they will not consider it as a matter of set-off in this case.

7. Unless the jury believe from the evidence that the $502 paid on the order mentioned in Bush's deposition to defendant, was upon the note or due bill sued on, they will not take it into consideration in making up their verdict.

8. If they believe from the testimony that the note put into Gunn's hands for collection was converted to his own use, it is unliquidated damages, which they cannot consider.

There was a verdict for the defendant upon his set-off. No appearance for appellant.

*Abell & Stringfellow* for respondent.

SCOTT, Judge, delivered the opinion of the court.

No brief was filed in this cause, and in the absence of all oral argument, we are left to the assignment of errors, in order to ascertain of what complaint is made to the detriment of the appellant, who was plaintiff below.

The error specifically assigned is the refusal of the court to give the second, third, fourth, fifth, seventh and eighth instructions asked by the plaintiff. The instruction numbered two was properly refused, as nothing is clearer than that the subject matter of an original suit may be used as a set-off by the plaintiff in that suit during its pendency, when he is sued by his adversary. If it is a final judgment, it is a set-off as a judgment. (Chitty, 553.) The third instruction would have effected nothing for the plaintiff. He obtained the full benefit of the set-off alluded to by it, and there was no question but that all the petitions, both original and amended, referred to but one and the same indebtedness, and that the due bill was only evidence of the debt mentioned in the original petition. There is no pretence that the defendant, Todd, owed more than one debt to the plaintiff's testator. The objection to the fourth instruction is sustained by the observations made on the third.

There was no error in the refusal to give the fifth instruction. The set-off of the defendant had been pleaded, both as an original demand, as it stood before it was matured into a judgment, and as a judgment. It stood admitted in both these forms, as the third amended answer in the supplemental record before us was not replied to ; and as the defendant got the benefit of it in only one of the forms in which it was pleaded, the plaintiff has sustained no injury. The objection to the seventh instruction is shown by what has been said in relation to the third. Moreover, a set-off was pleaded to the amended petition, in which the due bill was set out, which was not replied to, and therefore stood admitted.

The eighth instruction does not contain a correct proposition. If the plaintiff's intestate converted a note to his own use, there

is no reason why he should not pay the value of it ; such value would not be unliquidated damages.

The reading of a portion of the defendant's answer by the plaintiff as evidence, the answer being a pleading in the cause, and read as such, gave the defendant no right to use any other parts of the answer as evidence for himself. If a defendant admits one fact and it is used by his adversary as evidence, surely that can be no warrant to him to take all the facts stated in the answer as evidence against the plaintiff. If any other portions of the answer, not read by the plaintiff, affected the sense, or explained, in any way, the portions read, he would have a right to read them ; but as to the portions which related to other facts, he would have no right to do so. This matter was considered in the case of *Kritzer* v. *Smith*, decided at this term, and the law in relation to it was then stated. But, inasmuch as the admissions contained in the answer read, were made in another answer in the cause, which was not replied to, being in relation to the set-off, the plaintiff has sustained no injury by the admission of such evidence.

The other judges concurring, the judgment will be affirmed.