L. W. CATO v. WILLIAM J. PHILIPS.

To a suit upon a promissory note the defendant answered, that the plaintiff had wrongfully sold land belonging to the defendant, and had received a certain sum in payment for the same, which sum the defendant pleads in set-off and reconvention. *Held*, that the plea was good; that the defendant had a right to waive the tort, affirm the sale, and recover from the plaintiff the money received by him for the land; and that, the demand being for a certain sum, the defendant could avail himself of it in set-off. (Paschal's Dig., Arts. 3443, 3446, Notes 794, 796, 797.)

APPEAL from Hill. The case was tried before Hon. JOHN GREGG, one of the district judges.

On the 28th of March, 1858, W. J. Philips, the appellee, instituted this suit against Cato, the appellant, on a promissory note for $600 91, executed by Cato, and payable to George Hooker or bearer.

The defendant answered, that the note sued on was given to secure the payment of the purchase-money, in part, of a tract of land bought by the defendant from said Hooker, for title to which he held Hooker's bond; that one Deadrick proposed to defendant to exchange a house and lot in the town of Waco for said land, and the defendant assented to that proposal, provided that said Deadrick would receive from the defendant a quit-claim title to the same. Deadrick agreed to receive said quit-claim, provided that Philips, the appellee, should assent to it. Deadrick was in debt to Philips, and Cato was to execute the deed directly to Philips. Deadrick and Cato executed deeds on the 19th July, 1858, Cato conveying, by quitclaim title, the land to Philips, and Deadrick conveying the house and lot to Cato; but, as Philips had to be consulted, these deeds were placed in the hands of a third person, to be delivered to the parties mutually when the said Philips should signify his willingness to accept said quit-claim title; that afterwards Philips, by letter addressed to his agent, refused to receive said quit-claim title, which refusal was communicated by said agent to. the defendant, and that thereupon the deeds aforesaid were annulled; that afterwards, in November, 1858, Philips, combining with said agent and others to defraud defendant, procured this deed to be delivered to him, without the consent and against the wishes of defendant; that he never delivered, or authorized any one else to deliver, said deed, but that the same was fraudulently obtained by Philips; that after the procurement of said deed as aforesaid, Philips, intending to cheat and defraud defendant, procured said note to be delivered to him, knowing, at the time, that it was given as aforesaid for said land; and that, in pur-

suance of the same design to defraud defendant, he prevailed on Hooker to execute to defendant and deliver to him, Philips, a deed for said land. The defendant denies that he ever had possession of or received the deed from Deadrick for the house and lot. Respondent further states, that before the institution of this suit Philips had sold the land aforesaid to innocent purchasers for the sum of $3,600, and pleads that sum as a set-off against the plaintiff's demand, and in reconvention.

The plaintiff excepted to the defendant's answer, because—

"1. Said plea or cross-bill does not set up any defense growing out of, incident to, or connected necessarily with, plaintiff's action against him.

"2. The facts and allegations set out in said answer or cross-bill are wholly foreign to, and unconnected with, the original action, and the claim set up is not similar in its nature to that sued on.

"3. Said plea or cross-bill sets up and shows no ground of equity for its support, and the same is not sworn to.

"4. The same is bad as a plea in reconvention and bad as a cross-bill. Wherefore, plaintiff prays judgment of the court, and that said plea or cross-bill be stricken out."

The court sustained the exceptions; the defendant declined to answer further, and judgment final was rendered for the plaintiff. The defendant appealed, and assigns for error the ruling of the court below sustaining the plaintiff's exceptions to the answer.

*Thomas Harrison,* for appellant.

*R. Coke,* for appellee.—The only question for revision here is as to the correctness of the ruling of the court below sustaining plaintiff's demurrer and exceptions to defendant's plea in reconvention and the amendment thereto.

In behalf of the appellee, it is submitted that this ruling is correct.

1. Defendant's answer is not good as a plea in reconvention, on the most liberal principles of construction. (Castro v. Gentiley, 11 Tex., 28; Carothers v. Thorp, 21 Tex., 359; Kemp v. Amacker, 13 La., 65; Keene v. Relf, 11 La., 309; Bond v. Clark, 21 Tex., 426.)

2. Defendant's answer is not good, independently of the statute, as it contained no allegation of the insolvency of Philips, and shows no probable loss if his demand be not allowed. (Castro v. Gentiley, 11 Tex., 28.)

3. Defendant's answer is not good as a plea of set-off, because plaintiff's demand is liquidated and defendant's unliquidated. (O. & W. Dig., Art. 361, p. 102; Bodman v. Harris, 20 Tex., 32.)

Upon the first point, it is respectfully submitted, that the only connection between the cause of action sued on and the one set up in defense is, that both relate to the same tract of land, but both entirely separate, distinct, and independent transactions, having no relation to, or bearing upon, each other. Hooker sold the land to Cato. The note sued on was given by Cato to secure part of the purchase-money, and, being negotiable, it passed into the hands of Philips, who institutes this action upon it. Cato, in his answer, admits that he owes the amount of the note, that it is just, &c., but sets up that Philips, who afterwards happened to purchase the same land from him, (Cato,) committed a fraud upon him in so doing, and pleads damages for the same in reconvention: this alleged fraud having no connection with the original transaction in which the note is given, no relation to or dependence upon it, but is entirely distinct, happening a long time afterwards, and in no manner growing out of it. A statement of the case shows the distinctness and independence of the transaction, and it is submitted, that the authorities cited are conclusive of the correctness of the ruling of the court below.

DONLEY, J.—It was relied upon as a defense to this action, that appellee had wrongfully sold land belonging to appellant for the sum of $3,600, which amount the appellee had received, and appellant asks that it be allowed him in set-off.

It was competent for appellant to waive any right of action that may have accrued to him on account of the illegal sale of his property, and recover from appellee the money which he had received for the land. The count for money had and received is sustainable in some cases where the money has been received tortiously. (1 Chit. on Plead., 353.)

In this case, the appellant, by his answer, elects to affirm the sale, and receive from the appellee the consideration which was paid to appellee for the land. Of his right to do this there can be no doubt.

The further question arises, whether this claim may avail the appellant in off-set. It is believed that it can.

The claim of the appellant is for a certain amount, the money that was received for his land, and is clearly within the provision of the statute allowing discounts and set-offs. (Hart. Dig., Arts. 608, 610.)

The judgment of the District Court is reversed, and the cause

REMANDED.

COKE, J., having been of counsel, did not sit in this case.