JUDITH E. WINTZ AND HUSBAND V. JOHN F. GORDON ET AL.

(November 22, 1880.)

NEGOTIABLE NOTE — BONA FIDE PURCHASER. — No equity can be set up against a *bona fide* purchaser of a negotiable note.

APPEAL from Guadalupe county. Opinion by WALKER, J.

STATEMENT.— June 13, 1871, Mrs. Wintz, joined by her husband, filed her suit in the district court of Guadalupe county, having obtained a fiat ordering a temporary injunction against John C. Gordon, sheriff of Guadalupe county, and Mrs. Oliver and Sheffield. The object of the suit was to enjoin, in the hands of Gordon, the sheriff, and to recover the proceeds of an execution then in his hands, issued under a judgment of the district court of the said county, rendered November 20, 1860, in a suit wherein P. R. Oliver, deceased, was plaintiff, and one C. A. Stuart was defendant. The case had been appealed by Stuart and affirmed with damages. It was alleged that plaintiff was the equitable owner of the judgment; that the note on which the judgment was rendered was her separate property, in Oliver's hands for collection only; that his executrix and the said Sheffield were claiming ownership, etc.

June 26, 1871, Gordon, the sheriff, answered that he had made the sale, and had satisfied the execution before the filing of plaintiff's bill, and without notice of her claim. That upon sale the funds passed to those claiming the judg-

ment, and who were its owners, as he was informed and
believed, only his own costs having come to his hands. He
disclosed that W. E. Goodrich owned a part of the judg-
ment. The injunction was dissolved as to Gordon.

Plaintiffs amended, making Goodrich a party; seeking
recovery of the funds from Goodrich and Sheffield, Jr.
Sheffield answered denying plaintiffs' title to the judgment,
alleging Oliver's transfer of part of it to J. C. Sheffield, Sr.,
and his sale to defendant. Attached to this answer was
the affidavit of Sheffield, Sr., also denying plaintiffs' title,
and alleging his own purchase from Oliver, and his sale to
the defendant, J. C. Sheffield, Jr. Sheffield also claimed
to have received satisfaction in good faith before the insti-
tution of the suit. Goodrich filed a general denial.

A jury was waived; judgment was rendered for the de-
fendants. The plaintiffs appealed, and assign errors as
follows: 1. The judgment of the court was contrary to
the law and the evidence. 2. That there is error upon the
face of the record.

OPINION.— This assignment cannot, without great liber-
ality, be regarded as a compliance with the statute (Pas-
chal's Digest, article 1591) requiring, on appeal, the ap-
pellant to file " an assignment of errors, distinctly specifying
the grounds upon which he relies." Taking the first as-
signment as good, and as questioning the sufficiency of the
testimony to support the judgment, or rather as inviting
attention to the testimony and challenging the judgment
of the court upon its insufficiency to grant the relief asked,
the record has been carefully examined.

The testimony of the plaintiff herself and of Stuart, the
defendant in the execution, was distinctly to the ownership
of the note upon which the Oliver judgment was rendered.
The testimony of defendants, however, showed a transfer
of the note by the plaintiff, Mrs. Wintz, with assent of her
husband, before maturity, to Oliver. The testimony also
tended to disclose that such transfer was intended to be
only for collection.

The title of the defendants Sheffield and Goodrich, by their purchase in good faith, is unaffected by any fact in evidence; Goodrich, as a witness, distinctly denies such notice on the trial. Sheffield, in his answer to the bill, denied the title of plaintiffs, and asserted his *bona fide* purchase. As there is no testimony affecting Sheffield or Goodrich with notice, the only remaining question is whether their purchase would conclude the plaintiff.

A judgment being the conclusion of the law upon the facts, as between Oliver and Stuart, the proper tribunal had passed upon their relations as creditor and debtor. The process of the court, authorized by the laws of the state, becomes subject to the call of Oliver to enforce this claim. This claim and its incidents resulting from becoming a judgment are subject to sale by Oliver.

In discussing the rights of assignees of a judgment, Baldwin, J., in Wright v. Levy, 12 Cal., 262, argues: "It is conceded that the assignor of the judgment is only the holder of an equity, with the right to use the judgment and the name of the plaintiff to enforce it, and stands in the shoes of the assignor as to all defenses which existed against the judgment between the parties to it. It is like a note assigned after due. Citing Story on Bills, § 220. The judgment is property, which may be purchased like any other property. The purchaser is bound to inquire into the defenses of the debtor. He has the means to do this, but he could not be held to inquire into latent equities existing in the hands of third parties. The law, when it made this sort of property subject to sale, gave it the protection it extends to all other property."

This rule is said to be recognized except by the courts of Vermont. Freeman on Judgments, sec. 428. The assignees become the owners of the judgment. McFaddin v. McGreal, 25 Tex., 79. The case of Dodd & Co. v. Arnold, 28 Tex., 101, cited by appellant, does not apply to the case where the possession and legal title are parted with by the former owner.

The purchaser of real estate from the holder of the legal title, and without notice of a trust, is protected, although the beneficiary be a married woman; an equal or greater reason would protect the defendants in buying from the apparent and legal holder. Cooke v. Bremond, 27 Tex., 460; Flanagan v. Pearson, 50 Tex., 383.

The appellant, in argument, insists that at least judgment should have been rendered against defendant Mrs. Oliver. The pleadings were not framed for any such judgment. The original petition sought to intercept the funds in the hands of the sheriff. The amendment upon the sheriff's answer made Goodrich a party, and sought to recover from him and Sheffield, Jr., the sums by each respectively received. The record does not show an appearance by Mrs. Oliver, nor any default against her. No attention or importance was attached to her as more than a necessary party to the bill for injunction. The appeal, evidently, was not taken to reach Mrs. Oliver.

The judgment should be affirmed.