DANIEL McLANE v. ANTHONY KELLY.

May 31, 1898.

Nos. 11,092—(131).

**Use and Occupation—Waiver of Trespass.**

The owner of real estate cannot waive the tort, and sue a trespasser on contract for the value of the use of the premises, as if he were a tenant.

**Contract for Sale of Land—Action by Vendee for Breach—Counterclaim.**

In an action by the vendee against the vendor for damages for breach of the executory contract of sale, in being wrongfully ousted from the possession of the premises by the vendor, the defendant set up in his answer a counterclaim for the value of the use of the land for a period of time prior to the making of the contract, during which time the vendee wrongfully entered upon and occupied the land. *Held* not a proper counterclaim.

Appeal by defendant from an order of the district court for Hennepin county, Johnson, J., sustaining a demurrer to defendant's counterclaim. Affirmed.

*Flannery & Cooke,* for appellant.

*John T. Byrnes* and *M. C. Brady,* for respondent.

CANTY, J.

The complaint alleges that on August 13, 1895, the defendant was the owner in fee of certain described real estate in Swift coun-

ty, and on that day entered into an executory agreement with plaintiff to sell the same to him, and that he agreed to pay therefor the sum of $1,975.50,—$500 in 15 days from that date, and the balance at later dates; that he went into possession, and thereafter on September 11, 1895, paid defendant the sum of $250 on such first payment, and that thereafter on November 18, 1895, defendant wrongfully took possession of the premises, and ousted plaintiff, without his consent. The prayer is that plaintiff have judgment for $250, the sum so paid.

Defendant in his answer admits the agreement to sell the land to plaintiff, and denies that plaintiff ever took possession or ever paid any part of the purchase price, or ever performed any part of the contract. As a counterclaim, it is alleged that, without the knowledge or consent of defendant, plaintiff wrongfully entered upon and took possession of said real estate in the year 1893, and wrongfully cultivated and raised crops on the same during the years 1893, 1894, and 1895, and that thereafter defendant took possession of the land;

"That the value of the use of said premises for said years 1893, 1894, and 1895 was and is the sum of $960; * * * that defendant hereby elects to waive plaintiff's tortious entry and occupation of the premises aforesaid, * * * and to recover, as upon an implied contract, the value of the use of said lands during the time the same were so occupied by the plaintiff."

Plaintiff demurred to this counterclaim, on the ground that it does not constitute a defense or counterclaim, and defendant appeals from an order sustaining the demurrer.

1. It is well settled that the owner of real estate cannot waive the tort, and sue a trespasser on contract for the value of the premises, as if he were a tenant. Commonwealth T. Ins. & T. Co. v. Dokko, 71 Minn. 533, 74 N. W. 891, and cases cited.

2. Plaintiff's cause of action is for a breach of a contract. Defendant's cause of action is purely in tort, and cannot, under G. S. 1894, § 5237, be pleaded as a counterclaim in the action, unless it arose "out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim," or "is connected with the subject of the action." Clearly, it did not arise out of such contract or transaction. Neither is it connected with the subject of

the action, unless the fact that the real estate on which the trespass was committed is the real estate which was afterwards sold constitutes such connection. We cannot hold that it does. The fact that it is the same real estate is wholly immaterial, and the two causes of action are not so connected in subject-matter as to permit defendant to plead his cause of action as a counterclaim.

Order affirmed.