## MARY JOURDAIN v. FRED LUCHSINGER.[1]

December 18, 1903.

Nos. 13,614—(101).

**Municipal Court—Jurisdiction.**

In an action in the municipal court of Stillwater, which has jurisdiction to determine actions at law where the amount in controversy does not exceed $500, but is required, where there is a counterclaim over plaintiff's demand which exceeds that sum, to certify the action to the district court for trial, *held*, that it is within the authority of the municipal judge to determine whether the facts set forth in such counterclaim, regardless of amount, constitute a cause of action, to properly exercise its authority to transfer the case.

**Counterclaim.**

Upon the allegations of an answer, where defensive matter is set forth by way of counterclaim, and the amount demanded presents a controversy exceeding the amount within the jurisdiction of the municipal court, *held*, upon the answer interposed, that matters sounding in tort arose from the claim set forth in the complaint, and were a proper subject of counterclaim, and that the municipal judge properly considered the sufficiency of such counterclaim as incidental to the exercise of its authority to transfer the cause to the district court.

**Irregularity in Return.**

While the certificate of the clerk of the municipal court to this court is technically defective, in not showing that copies of all papers are returned, it appears that they were, and such defect is disregarded.

Appeal by plaintiff from an order of the municipal court of Stillwater, Doe, J., overruling a demurrer to a counterclaim in defendant's answer and certifying the case to the district court for Washington county for further proceedings. Affirmed.

*C. Henningsen* and *H. H. Gillen,* for appellant.

*F. V. Comfort,* for respondent.

[1]Reported in 97 N. W. 740.

LOVELY, J.[2]

Appeal from the municipal court of the city of Stillwater from an order overruling plaintiff's demurrer to a counterclaim, and certification of the cause to the district court of the First judicial district.

It was here objected that the certificate of the clerk of the municipal court did not show that all the records filed in the action had been returned. The return of the clerk is technically defective in this regard, and, if the inference were authorized from what is returned that there might be other papers omitted which the court had considered, we should regard this objection as tenable; but our examination of the record in connection with the concessions and statements in the briefs of both counsel indicates that, without doubt, the return includes everything necessary to a determination of the points presented in the assignments of error. Under such circumstances, we are not inclined to be technical, but, upon the return here, which clearly includes all that the court acted upon, we are able to pass upon the questions presented, and therefore hold that the certificate of the clerk, though technically insufficient, does not require in this case the dismissal of the appeal. Acker Post v. Carver, 23 Minn. 567; Coleman v. Reierson, 36 Minn. 222, 30 N. W. 811; Vassau v. Campbell, 79 Minn. 167, 81 N. W. 829.

This action was brought to recover for the use of seven horses which plaintiff, as alleged in the complaint, had let to defendant for a designated period upon the understanding that they were to be properly stabled and cared for, and to be used only in light work; that, as further set forth, defendant did not comply with the terms of the agreement properly to care for the horses, whereby plaintiff sustained damages in a designated sum; that he also failed to return one of the horses as required by the agreement, but had converted it to his own use—with a demand for damages of $480. Defendant, in addition to certain denials in the answer, further avers that the horses which plaintiff furnished were afflicted with a dangerous and infectious disease, within the knowledge of the plaintiff, but unknown to defendant, whereby the latter was required to furnish necessary medical treatment for the horses of plaintiff; that

[2]START, C. J., absent, sick, took no part.

the horses of defendant were also afflicted with disease which they contracted from plaintiff's horses, and some of them had to be killed —claiming damages by way of counterclaim in the sum of $1,080. To this counterclaim plaintiff interposed a reply, with a demurrer upon the ground that the counterclaim set forth in the answer is not one that can be set up against the cause of action alleged in the complaint. The municipal court overruled the demurrer, and held that the answer contained a substantial cause of action in favor of defendant, and certified the cause to the district court.

The contention of plaintiff on this appeal is that the municipal court was not authorized to entertain jurisdiction of the cause, further than to make certification thereof when the answer was interposed, since the construction of the answer required judgment upon the sufficiency of the counterclaim, when the affirmative demand therein forbade the right to do more than transfer the cause.

The municipal court of Stillwater is authorized to determine civil actions or proceedings where the amount in controversy does not exceed $500, and where a counterclaim in excess of that sum over plaintiff's claim is interposed, and is made to appear, the judge of that court shall cause an entry of the fact to be made in the record, cease all further proceedings in the case, and certify and return to the district court for Washington county a transcript of all entries made in the record, with all processes and other papers relating to the suit, in the same manner as upon an appeal from justice court, and thereupon the district court shall proceed in the case to final judgment according to law. Sp. Laws 1887, p. 319 (c. 6, § 46). It follows that if it was the duty of the municipal judge to certify the case to the district court, as provided for in the statute which we have referred to, it had no authority to try the cause; but we are inclined to hold, in giving effect to the essential power to exercise its necessary functions, that it had a right to pass upon the sufficiency of the answer so far as to ascertain whether or not an affirmative claim was stated therein, which required the transfer of the cause, and it is not apparent how this could be done without determining whether the counterclaim was a proper one, which involved the question whether it stated a cause of action in favor of defendant, and that it

91 M.—8

was such a cause of action as could be interposed by way of counterclaim in a civil action.

While the municipal court could not determine the cause, it was authorized to decide the question whether it should be removed, and hence impliedly to pass upon a showing of the facts which might or might not deprive it of jurisdiction, and hence the sufficiency of the answer for that purpose, for a mere demand for a larger sum than was within the jurisdiction of the court ought not, of itself, regardless of the apparent merits upon which it was founded, to require the removal. This is a practical question, to be disposed of upon a broad view of the just and proper duties of the municipal judge in a case where such facts appear as would require a transfer of the cause under the statute, and upon a reasonably liberal construction of the allegations of the answer, wherein it inferentially, at least, is made to appear that the horses which plaintiff let the defendant, which were afflicted with the disease contracted therefrom by defendant's horses, were a part of a bunch which, under a designated agreement set forth in the answer, came into defendant's possession by reason thereof; and it must be held, under the previous decisions of this court, that the matter set up by way of defense arose in pursuance of and in carrying out the agreement referred to in the complaint, and, as such, would be a proper subject of counterclaim, although sounding in tort. Goebel v. Hough, 26 Minn. 252, 2 N. W. 847; McLane v. Kelly, 72 Minn. 395, 75 N. W. 601.

Order affirmed.