JOHN F. SCHICK v. H. C. SUTTLE.[1]

January 20, 1905.

Nos. 14,211—(180).

**Counterclaim—Agent's Profit.**

A claim on the part of a principal against his agent for a profit alleged to have been made by him in the course of his employment, founded on the rule of law that all such profits, whether resulting from the performance or a violation of the agent's duties, belong to the principal, may be interposed as a counterclaim in an action by the agent against the principal to recover for services rendered in a transaction other than that in which the profit was made.

**Fraud of Agent.**

If the profit was the result of a fraudulent violation of the agent's duties, the tort may be waived and a recovery had upon the counterclaim as upon an implied contract, or for money had and received.

Action in the district court for Jackson county to recover from defendant $1,350, as commission for services rendered in the sale of land, and $50 for money lent. Defendant interposed a counterclaim of $5,-000 for money had and received by plaintiff to the use of defendant while acting as the latter's agent in the transaction out of which the commission arose. The case was tried before Quinn, J., and a jury, which, under instructions withdrawing from its consideration all evidence on the counterclaim, rendered a verdict in favor of plaintiff for $1,591.27. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Harold Harris* and *L. F. Lammers,* for appellant.

*Knox, Faber & Knox,* for respondent.

BROWN, J.

This action was brought to recover a commission alleged to be due plaintiff for services rendered in the sale of certain land for defendant, and the sum of $50 loaned defendant at the time alleged in the complaint.

[1] Reported in 102 N. W. 217.

Defendant admitted the right of plaintiff to recover in part for the commission claimed, but set up as a counterclaim the following facts: He alleged in his answer that in 1901 plaintiff was his agent for the sale of a certain three-story brick building owned by defendant in Chicago; that he was authorized by defendant to exchange the building for lands located in Minnesota; that at about the time stated, as such agent, plaintiff brought about and effected an exchange of the building for a farm known as the "Lockhart Farm," in Norman county, this state, which was owned by one John Grove; that in the exchange of said properties plaintiff received for defendant from Grove the sum of $5,000, for which he had failed and neglected to account, and judgment was demanded against plaintiff for that sum, less the amount he was entitled to recover under his complaint.

At the trial the court below, in its charge to the jury, withdrew from their consideration the evidence tending to prove the counterclaim, and directed them to disregard it. A verdict was returned for plaintiff, and defendant appealed from an order denying his motion for a new trial.

The only question for consideration in this court is whether the trial court erred in instructing the jury to disregard defendant's counterclaim.

The evidence on the part of defendant tends to show that he was the owner of the brick block in the city of Chicago, and was anxious to exchange the same for Minnesota farm lands; that in some negotiations with plaintiff, who had previously acted as defendant's agent in other real estate transactions, defendant engaged him to exchange the property for Minnesota lands; that subsequently plaintiff effected an exchange with Grove, as already stated, and received from the latter at least the sum of $3,000 in the transaction. Plaintiff, as the representative of defendant, had exclusive charge of the negotiations, and completed the exchange, if the evidence referred to be true, without communicating to defendant the precise terms upon which it had been made, and made a profit of at least $3,000. If the case stopped here, there would be no question of the right of defendant, as a matter of law, to recover the profits thus made. If plaintiff was the agent of defendant, as claimed, whatever profit he realized as a result of the transaction belonged to his principal. It is elementary, and a rule of universal

application, that all profits and benefits accruing from the act of an agent, whether resulting from the performance or violation of his duty, belong to the principal, and not to the agent. Snell v. Goodlander, 90 Minn. 533, 97 N. W. 421; Smitz v. Leopold, 51 Minn. 455, 53 N. W. 719; Hobart v. Sherburne, 66 Minn. 171, 68 N. W. 841; Holmes v. Cathcart, 88 Minn. 213, 92 N. W. 956.

But the evidence on this subject is conflicting. That offered by plaintiff tended to show that whatever he received in the transaction was paid him for services rendered to Grove; that in negotiating the exchange of the properties in question he was the agent of Grove, and not of defendant. If plaintiff's claim in this respect be the truth—if he was in fact the agent of Grove, and not of defendant—the latter has no claim to the money received by him, and cannot recover on his counterclaim. But the different contentions of the parties in this respect presented a question for the jury to determine, and it was for them to say whether plaintiff represented and acted for defendant, or whether he was the agent of Grove. If he was the agent of defendant, it is clear that recovery may be had upon the counterclaim.

The theory of the trial court in withdrawing the counterclaim from the jury seems to have been that plaintiff was, under the evidence, acting in a double capacity as agent for both parties, and that his conduct amounted to a fraud upon the rights of defendant, for which no recovery can be had against him except in an action for tort, and that a tort is not a proper counterclaim in this action—one founded on contract. This position is clearly not sound. This action, it is true, is founded on contract, but the counterclaim, if defendant's contention as to the relations existing between the parties be true, arises also in contract. Plaintiff was the agent of defendant for the purpose of exchanging the properties, and that relation was contractual, and the profits made by plaintiff as such agent belonged to defendant, and are clearly the proper subject of counterclaim.

But, even if there was fraud on the part of plaintiff, so as to give defendant the right of action to recover damages, he could, at his election, waive the tort, and recover as upon implied contract, or for money had and received (McArthur v. Murphy, 74 Minn. 53, 76 N. W. 955; Downs v. Finnegan, 58 Minn. 112, 59 N. W. 981); and it was not necessary, to entitle him to so elect, that he specially plead all the facts

in his answer. The case is wholly unlike McLane v. Kelly, 72 Minn. 395, 75 N. W. 601, and other like cases, where it is held, in cases of trespass upon real property, that the owner of the property cannot waive the tort and sue the trespasser for the value of the use of the premises as if he were a tenant. In such cases no contractual relations exist between the parties, and the law does not imply on the part of the trespasser a promise to pay the value of the use of the land during the period covered by his trespass.

Order reversed, and new trial granted.