HINDS & LINT GRAIN COMPANY, APPELLANT, V. FARMERS ELEVATOR COMPANY, APPELLEE.

FILED MARCH 4, 1916. No. 18222.

1. **Principal and Agent: SPECULATIONS OF AGENT: LIABILITY OF BROKERS.** If a corporation owning an elevator in this state puts an agent in charge of the elevator to buy grain and ship the same to market, and instructs the agent not to speculate in grain, and the agent pays to brokers the money of his principal to be used in gambling speculations, such brokers who take and so use the money with knowledge of the facts will be liable to the owner thereof.

2. **Set-Off.** The claim of the corporation for money so wrongfully paid by the agent to the broker is in the nature of an action for money had and received and is a proper subject of set-off in an action on contract.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Charles S. Roe* and *A. A. Bischoff,* for appellant.

*Livingston & Heinke, contra.*

SEDGWICK, J.

The plaintiff is a firm engaged in dealing in grain in Kansas City, Missouri. The defendant is a corporation under the laws of this state, and owns an elevator at Burr, Nebraska, and was engaged there in buying and shipping grain. The defendant employed one Beckman, who had

the management of defendant's business at Burr in buying and shipping grain. The plaintiff alleged that it contracted grain from the defendant which the defendant refused afterwards to deliver, and asked to recover the difference between the purchase price of the grain and the value of the grain at the time of the agreed delivery. The defendant alleged that its agent Beckman, without the knowledge of the defendant, and wrongfully, engaged in gambling contracts of speculation through this plaintiff, and that the plaintiff applied some of the proceeds of the defendant's grain upon the settlement of its gambling contracts with the defendant's agent; and also as a second claim that the defendant's agent wrongfully and without the consent of the defendant paid to the plaintiff, on account of said gambling contract, money belonging to the defendant, and that the plaintiff received the same with notice that the said agent was without authority to use the defendant's money for said purpose. The trial court found the plaintiff's claim against the defendant to be as alleged, and found in favor of the defendant on its two claims against the plaintiff, and entered a judgment in favor of the defendant for the balance so found. The plaintiff has appealed..

The plaintiff contends that there is not sufficient evidence to justify the finding that the plaintiff appropriated the proceeds of the defendant's claim upon its dealings with the defendant's agent, but this contention does not appear to be much discussed in the briefs. The principal contention of the plaintiff appears to be that the defendant's claim is not a proper subject of set-off. The evidence shows that the capital stock of the defendant company was $5,000, and that the highest amount of indebtedness it could incur was two-thirds of its subscribed capital stock; that the by-laws of the defendant company provided: "No officer, employee, or member of this corporation shall be allowed to speculate in grain, or other commodities, using the seal of the corporation therefor." The evidence also shows that the agent was in fact speculating in grain

on his own account; that none of the officers of the defend-
ant company had any knowledge or notice of such transac-
tion on the agent's part; that the agent from time to time
financed his gambling deals with the plaintiff by drawing
the company's checks in favor of the plaintiff.    Each of
these checks had the following notice indorsed on the back:
"Banks will please note: Not payable unless the follow-
ing instructions are strictly adhered to: Must be filled out
in ink, and must be signed by our agent, and must be
payable for grain only.   Gross, tare and net pounds to be
noted.   Price per bushel must be noted."   On the left of
the face of the check were the words: "This stub must not
be detached from check."   The stub attached to the check
contained the words: "Agents must fill out this space"—
followed by blanks indicating that the kind of grain for
which payment was made should be stated on the stub,
the gross weight of the grain, tare, and net weight, and the
number of bushels and price per bushel.   There can be no
doubt that the plaintiff had ample notice that the agent
was transcending his authority and was using the money
of the defendant without any authority to do so.   Under
such circumstances the plaintiff was liable to the defend-
ant for this money so appropriated by it, under the well-
established rule of this state. *Mendel v. Boyd,* 3 Neb.
(Unof.) 473; *Farmers Co-operative Shipping Ass'n v.
Adams Grain Co.,* 84 Neb. 752.   The defendant had no part
in the illegal transaction of the plaintiff.   The plaintiff
took the defendant's money without authority, and the
defendant's claim is in the nature of an action for money
had and received, and is a proper subject of offset.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.