## FRANK W. KUBAT v. W. J. ZIKA AND ANOTHER.[1]

May 6, 1932.

No. 28,890.

[1]Reported in 242 N. W. 477.

*Charles C. Kolars,* for appellant.
*George F. Sullivan* and *John H. Lebens,* for respondent.

OLSEN, J.

Defendant W. J. Zika appeals from an order sustaining a demurrer to a counterclaim pleaded in the answer.

Plaintiff brought this action to recover on a promissory note given by the defendant W. J. Zika and another. Defendant interposed a counterclaim for money wrongfully obtained and appropriated from defendant's automobile and garage business by plaintiff while an employe of defendant in such business. Plaintiff demurred to this counterclaim, and the court sustained the demurrer on the ground that the counterclaim was based on an independent tort and could not be set up as a counterclaim in an action on contract.

Where the suit is on contract to recover money and the plaintiff has wrongfully taken or appropriated other money or property of defendant, the defendant may waive the tort and counterclaim for the value of the money or property so taken or appropriated in any case where he could maintain suit in assumpsit against plaintiff on implied contract to repay the money or pay the value of the property taken. Brady v. Brennan, 25 Minn. 210; Downs v. Finnegan, 58 Minn. 112, 59 N. W. 981, 49 A. S. R. 488; McArthur v. Murphy, 74 Minn. 53, 76 N. W. 955; Schick v. Suttle, 94 Minn. 135, 102 N. W. 217; Allen v. U. S. 17 Wall. (84 U. S.) 207, 21 L. ed. 553; Bulkeley v. Welch, 31 Conn. 339; Sanderlin v. Willis, 94 Ga. 171, 21 S. E. 291; Challis v. Wylie, 35 Kan. 506, 11 P. 438; Eversole v. Moore, 3 Bush (Ky.) 49; Chenault v. Norton, 30 Ky. Law Rep. 875, 99 S. W. 899; Gunn's Admr. v. Todd, 21 Mo. 303, 64 Am. D. 231; Brown v. Brown, 55 N. H. 74; Cato v. Philips, 28 Tex. 101;

124

Norden v. Jones, 33 Wis. 600, 14 Am. R. 782; Coit v. Stewart, 50 N. Y. 17; Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Wall v. Williams, 91 N. C. 477; Braithwaite v. Aiken, 3 N. D. 365, 56 N. W. 133; Hinds & Lint Grain Co. v. Farmers Elev. Co. 99 Neb. 502, 156 N. W. 1045; Seastrand v. D. A. Foley Co. 144 Minn. 239, 175 N. W. 117.

■ Where defendant could bring suit against plaintiff in assumpsit, on an implied contract, there is no reason why he cannot set up his cause of action as a counterclaim in an action against him on contract. By so doing he waives the tort and elects to rely on the implied contract. There are some cases holding that defendant in so doing must expressly plead waiver of tort. We do not so hold. The waiver follows from the pleading of the cause of action as a counterclaim.

Plaintiff here is charged with having obtained from defendant a sum of money which he was not entitled to receive and for which he is now indebted to the defendant. If so, there is an implied promise by plaintiff to repay the money and a valid counterclaim therefor in assumpsit.

■ Where plaintiff has wrongfully received or taken money or property of defendant so that a cause of action exists in favor of the defendant against the plaintiff, there is, it is true, a right of action for the tort; but there is also clearly a right of action in assumpsit on the implied contract to repay the money or pay the value of the property. In other kinds of torts, where plaintiff has not obtained or taken any of defendant's money or property, as for instance where the tort is personal injury, slander, libel, seduction, or other similar wrong, there is no room for the application of the rule of waiver of the tort and recovery in assumpsit or on implied contract to pay, and such torts cannot be pleaded as counterclaims unless arising out of or connected with the subject of the action. The case of Jefferson v. Hackney, 160 Minn. 445, 200 N. W. 473, falls within this latter class of torts. The counterclaim there was for damages to defendant's reputation, a species of slander or libel, and there was no room for the application of the rule of as-

sumpsit or implied contract. There could be no implied promise to pay in such a case.

The order appealed from is reversed.

STONE, J.

I concur in the result.

[1]Reported in 242 N. W. 471.