STATE of Missouri ex rel. CITY OF SPRINGFIELD, Missouri, Through the BOARD OF PUBLIC UTILITIES, Relator,

v.

The Honorable Frank CONLEY, Judge of the Circuit Court of Boone County, Missouri, Respondent.

No. WD 40919.

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

Rex C. McCall, Springfield, for relator.

Patrick A. Baumhoer, Stockard, Andereck, Hauck, Sharp and Evans, Jefferson City, for respondent.

Before CLARK, P.J., and GAITAN and COVINGTON, JJ.

CLARK, Presiding Judge.

This is an action in prohibition seeking to restrain the circuit judge in Boone County from proceeding to try a counterclaim which relator asserts is duplicative of an action previously filed and now pending in Greene County between relator and Sho–Me Power Corporation. The issue presented calls for a decision as to whether, under the facts of the case as hereafter set out, the rule of abatement precludes dual litigation of a controversy in different courts as an affirmative cause in the one and as a counterclaim in the other. We hold that it does and therefore make the preliminary order in prohibition absolute.

Relator, the City of Springfield, owns and operates electric generating and transmission facilities through its Board of Public Utilities and sells electricity to retail customers. The source of relator's authority to operate an electric light and power plant is §§ 91.010–.040, RSMo 1986.[1] The area of relator's operations is Greene County. Sho–Me Power Corporation is a general business corporation organized under Chapter 351. Sho–Me is engaged in the business of transmitting and selling electric power at wholesale to its "member-owners," Webster Electric Cooperative, Southwest Electric Cooperative and Ozark Electric Cooperative. Webster, Southwest and Ozark are rural electric cooperatives

1. All statutory references are to RSMo 1986.

organized under Chapter 394 to supply electric energy in rural areas. They sell electric power to retail customers in rural areas, including Greene County.

A dispute arose concerning the authority of relator to construct distribution and service lines for the purpose of supplying electric power to retail customers in rural Greene County. Neither relator nor the electric cooperatives are subject to territorial regulation by the Missouri Public Service Commission, *see* § 394.160 and *Missouri Public Service Co. v. City of Trenton*, 509 S.W.2d 770, 775 (Mo.App.1974), and therefore neither has a certificated service area.

On September 28, 1987, Sho–Me and its affiliated cooperatives filed suit in the circuit court of Greene County seeking, *inter alia,* a declaratory judgment enjoining relator from erecting, owning or maintaining electric distribution and service lines in the rural areas of Greene County outside the corporate boundaries of relator. The record of the Greene County case furnished in connection with the present action does not include any responsive pleadings filed by relator. It is therefore assumed that relator has sought no affirmative relief against Sho–Me in that forum.

On November 16, 1987, relator instituted an action in Boone county styled *State of Missouri, ex. inf. William L. Webster, Attorney General, ex rel. City of Springfield, Missouri, through the Board of Public Utilities v. Boone Electric Cooperative, a Rural Electric Cooperative.* The action was in quo warranto and alleged that Boone had exceeded the powers granted it as a rural electric cooperative under § 394.080 by undertaking to form a general business corporation, Boone Electric Service Co., in which it was the sole shareholder. The petition further alleged that the intended purpose of the Boone Electric Service Co. was to secure a certificate of convenience and necessity from the Missouri Public Service Commission enabling the Boone cooperative to sell electric power to retail customers in cities, towns and villages with populations in excess of 1500 inhabitants. The relief sought was the dissolution of Boone Electric Service Co.

Sho–Me sought and was granted leave to intervene in the Boone County case. It answered and filed a two count counterclaim. In Count I, Sho–Me sought a declaration by the court that a rural electric cooperative may acquire and own stock in a Chapter 351 general business corporation and may, through the sale of electric energy to such general business corporation, serve retail customers with electric power whether such customers be situated in rural areas or in cities, towns and villages. The jurisdiction of the Boone County circuit court to adjudicate Sho–Me's Count I counterclaim is not a subject of contest here.

In Count II of its counterclaim, Sho–Me sought an injunction against relator. The basis for such injunction consisted of allegations first contained in Sho–Me's Greene County suit describing the activities of relator in Greene County constructing electric distribution and service lines in rural areas and selling electricity from its generating facilities to retail customers outside the municipal limits of the city. Sho–Me prayed the court to order that relator cease making extensions of its electric distribution system outside its corporate limits and dismantle all such facilities previously installed. The allegations and the prayer in the counterclaim were identical to those in Sho–Me's petition filed in Greene County. It is this Count II of the counterclaim which is the subject of the present action.

Relator moved the trial court to dismiss Count II of Sho–Me's counterclaim on the ground that it was duplicative of the previously filed action in Greene County between the same parties. The court denied the motion. Relator contends the failure of the trial court to sustain its motion was error, that the circuit court of Boone County lacks jurisdiction to try the issues in the counterclaim over which the Greene County circuit court had prior jurisdiction and that prohibition is appropriate because appeal would not relieve relator from the ·

expense and vexation of trying the same cause in two different circuits. There appears to be no dispute by Sho–Me that prohibition is the proper remedy, but Sho–Me contends it is entitled to maintain its counterclaim because it did not commence the Boone County suit. It argues that the counterclaim is merely a response to the action relator instigated.

■ The legal concept involved in this case is variously known as the principle of abatement or the pending action doctrine. Where two actions involving the same subject matter between the same parties are brought in courts of concurrent jurisdiction, the court in which service of process is first obtained acquires exclusive jurisdiction and may dispose of the entire controversy without interference from the other. *State ex rel. General Dynamics Corp. v. Luten*, 566 S.W.2d 452, 458 (Mo. banc 1978). Although the doctrine is intended to relieve a party from defending the same cause of action twice, it also operates to forestall the possibility of inconsistent judgments on the same claim.

Abatement of a second suit ordinarily occurs in a case where the second suit was brought by the same plaintiff against the same defendant on the same cause of action. 1 Am.Jur.2d *Abatement, Survival, and Revival* § 23 (1962). Thus, in *Northcutt v. McKibben*, 159 S.W.2d 699, 236 Mo. App. 605 (1942), Northcutt sued McKibben in ejectment to recover possession of property Northcutt had purchased at a trustee's sale. The answer by McKibben sought to have the cause dismissed under the doctrine of abatement because, as McKibben alleged, he had previously filed and suit was then pending against Northcutt to cancel Northcutt's deed because the original note and deed of trust were alleged to have been void. The court rejected the defense on the ground that reversal of the parties as plaintiff and defendant in the two cases precluded a finding that either party was prosecuting two suits against the other. In the present case, relator is defendant in the Greene County case and plaintiff in the

Boone County suit. Because of this reversal of the parties, Sho–Me contends the rule in abatement does not apply.

It is not entirely clear from the cases when the rule in abatement is to be applied and when it does not if the parties do not duplicate their alignment as plaintiff and defendant in both cases. Certainly it may be said that the rule is not inflexible and does not always serve to preclude abatement of a publicative suit even though the parties may occupy reversed positions as plaintiff in one case and defendant in other.

In *State ex rel. Dunphy v. Eversole*, 339 S.W.2d 506 (Mo.App.1960), a dispute arose between Dunphy and Lake Development Enterprises, Inc. over the use by Dunphy of a boat with a 30 horsepower motor on a resort lake where Dunphy owned property. Lake Development sued Dunphy in Jefferson County to prevent the use of the boat and Dunphy sued Lake Development in St. Louis City to prevent the company from interfering with his use of the boat on the lake. Although the parties' alignment in the two cases was reversed, the court applied the doctrine to abate the second case because both suits involved the same subject matter and the same parties in courts of concurrent jurisdiction.

■ For purposes of this case, it is unnecessary to decide whether the facts here are more closely identified with *Dunphy* or with *Northcutt* or, indeed, how these latter two cases are distinguishable from each other. This follows because Sho–Me is properly identified as plaintiff and relator as defendant in both suits, insofar as the subject of the Count II counterclaim is concerned. This follows because the Count II counterclaim lacks any identification with the Boone County case in facts or issues.

Before Sho–Me introduced the Count II counterclaim, the cases in Greene County and in Boone County did not involve the same subject matter and therefore did not give rise to application of the principle of abatement. The Greene County case re-

quired a determination of whether the City of Springfield could lawfully erect and maintain poles and wires outside the corporate limits of the city for the purpose of selling electricity to retail customers who were not Springfield residents. The Boone County case, on the other hand, called for the court to decide if rural cooperative electric companies could generate, transmit and sell electricity to residents of cities, towns and villages having populations in excess of 1500 inhabitants through the formation and ownership of general business corporations organized under Chapter 351. Sho–Me's Count II counterclaim introduced a controversy totally extraneous to the original issues in the Boone County case, namely, the authority of relator to serve rural customers.

Shorn of extraneous issues and parties, the suit by Sho–Me in Greene County and its Count II counterclaim in Boone County both cast Sho–Me in the role of plaintiff and relator as defendant with the object of both being to deny relator access to retail power customers in areas of Greene County beyond the corporate limits of the City of Springfield. Because it is undisputed that both actions seek identical relief, are the same cause, involve the same subject matter and are between the same parties, the principle of abatement is properly applicable to stay respondent from proceeding in the Count II counterclaim.

Sho–Me argues that the principle of abatement is not available to prevent dual trials on the same claim if in the second suit the subject matter of the first is pleaded as a set-off. It cites *Gunn's Administrator v. Todd,* 21 Mo. 303 (1855). We agree that if the subject matter in the prior pending case would serve to reduce or offset another claim asserted in the second case, the party defendant in the second case is not to be denied that set-off merely because the first suit has not yet proceeded to judgment. That principle, however, is not applicable here.

As we have previously discussed, the original subjects of the Greene and Boone County cases had no facts or issues in common and the result in neither case would affect disposition of the other. It therefore follows that Sho–Me's Count II counterclaim could not operate to defeat the claim by relator asserted in the Boone County case that rural electric cooperatives have no authority to serve retail customers in non-rural areas by organizing general business corporation subsidiaries. The issue over relator's authority to serve rural customers was first joined in Greene County where suit was pending before the Boone County case was filed. Moreover, the suit in Boone County concerned an entirely different subject unrelated to and unaffected by the contest in Greene County. The Boone County circuit court therefore lacks jurisdiction over Sho–Me's Count II counterclaim because the counterclaim does not serve as a set-off and seeks a parallel adjudication of a question already in litigation in Greene County. Sho–Me's Count II counterclaim should have been dismissed under the doctrine of abatement.

We therefore make permanent our provisional rule in prohibition directed to the Circuit Court of Boone County ordering that no further action be taken with respect to Sho–Me's Count II counterclaim, except that said counterclaim may be ordered dismissed.

All concur.