UTICA,
Aug. 1828.

Mowatt
v.
McLelan.

I. C. & J. Mowatt *vs.* W. McLelan.

Error from the New-York common pleas. The declaration contained the common money counts; plea, the general issue. The cause was tried in the common pleas, in July, 1827, and a special verdict found by the jury : That in the latter part of 1820, the defendant, as the attorney of Charity Wright, the widow of Doctor John G. Wright, commenced three actions of dower ; that the defendants in those actions vouched the ancestor of the plaintiffs, to answer the actions, he having warranted the title to the tenants, who was summoned, but died before the return of the process; whereupon, leave was given to the tenants to vouch over, and the plaintiffs in this suit were vouched in, who were summoned and counted against. Subsequently a compromise was effected between the defendant, as the attorney of his client, and the defendants in those actions, in which it was agreed, that for the consideration of $1000, the demandant should release her dower, and her children release and quit-claim to the tenants their interest in the premises, which agreement was carried into effect on the 24th November, 1821 ; the plaintiffs in this cause paying to the defendant the above sum, and the releases being duly executed. The defendant disposed of the money by paying $300 to a Mr. Baldwin on the order of his client, $500 to herself, and retaining $200 for his counsel fees and costs, and on the 27th December, 1821, took the receipt of his client in full. Subsequent to the date of the receipt, it was discovered that about thirty years before the commencement of the actions of dower, the demandant, together with her husband, had conveyed her right of dower to Aaron Burr, from whom the ancestor of the plaintiffs in this suit claimed title by several mesne conveyances, so that on the 24th November, 1821, neither the demandant nor her children had any interest in the property released ; but of which fact the defendant in this cause had no knowledge. The jury farther found that the sum of $200

*If money be mispaid to an agent expressly for the use of his principal, and the agent has paid it over, he is not liable to refund. The question in these cases is, what amounts to a payment over ? Where the account between the principal and agent has been settled and closed, the agent is discharged. The retainer by the agent, of a portion of the money received, with the assent of his principal, in payment of a demand against the principal, is equivalent to the whole sum having been paid over to the principal, and the demand of the agent satisfied by the principal.*

for the costs and fees of the defendant as attorney and coun- sel in the dower suits, was a moderate charge for his servi- ces. Upon which verdict judgment was rendered by the common pleas for the defendant, and to reverse which a writ of error was brought to this court. The cause was submitted on written arguments.

*C. G. Troup*, for plaintiffs. The first point made by the counsel of the plaintiffs in error is, that Mrs. Wright is liable to refund. The court having reserved their opinion on this point, the argument of the counsel is not presented. The *second point* raised is, that the defendant is liable for the $200 retained by him. It is a part of the general law of principal and agent, that when a person has received money as agent of another, who had no right thereto, and has not paid it over, an action may be sustained against the agent to recover the money, and the mere passing such money in ac- count with his principal, is not equivalent to the payment of the money to the principal; but in general, if the money be paid over before notice to retain it, the agent is not liable. (1 *Chitty's Pl.* 25, *and cases there cited. Starkie's Ev.* 4th part, p. 113. *Payley, Prin. & Agent,* 304. 3 *Maul. & Sel.* 344. 7 *Johns. R.* 182.) This rule of law applies to attornies at law, as well as to all other agents. (5 *Taunt.* 815. *Comyn's Dig. tit. Attorney,* 733.) The defendant here did not pay over the whole sum of $1000 received by him; but, in the lan- guage of the books, $200 of it *was passed in account.* On re- funding the money, he will be entitled to recover his costs and counsel fees from his client, to whom he originally gave credit. It is no answer to the plaintiffs, that the defendant retains the money in consequence of dealings between him and his client.

*W. W. McClean, in pro. per.* The responsibility of an at- torney at law, is different from that of an ordinary agent or factor; he is answerable only to the court and his client. The plaintiffs had no claim against Mrs. Wright; much less are they entitled to sustain their action against the defend- ant. The payment was voluntary. By due diligence, the

demandant in the actions of dower might have been defeated. Where the party has his remedy by contesting a demand and prefers to pay, he cannot recover back what he thus voluntarily pays. (1 *Esp. R.* 84.) The $1000 were paid for a good and valid consideration. Colour of title is a good consideration. (*Dyer*, 272, 3, *in note*, *Whelpool's case*.) A promise in consideration of surceasing a suit is good, though the action be not discontinued. (1 *Com. Contracts*, 13.) When a release is executed as the consideration of a promise, though the promissor reap no benefit from the release, the promise must be performed. (*Cro. Eliz.* 70.) The plaintiffs, too, have lost their action by lapse of time. In *Nichols* v. *Seeron*, (1 *Atk.* 575,) Lord Hardwicke says, "Where there is a payment of a long standing and no fraud, the party receiving the money is supposed to have spent it in his maintenance, and therefore it would be very hard to make him refund what is no longer forthcoming;" and per Abbott, J. (1 *Carr. & Payne*, 517,) "after a lapse of 5 years, it would be mischievous to allow the parties to say it was all a mistake." If the defendant is compelled to refund and to look to his client for his charges, he probably will lose them, as the statute of limitations may now be plead in bar of a recovery.

*By the Court*, SAVAGE, Ch. J. This was an action to recover back money paid by mistake. The defendant, as attorney for Mrs. Charity Wright, brought three actions of dower. The defendant in those actions vouched to warranty the ancestor of the Mowatts, the plaintiffs. The suits were compromised by the payment of $1000 to the defendant, as the attorney of Mrs. Wright; on the receipt of which, Mrs. Wright executed a release of her dower, and her children released their interest, and the suits were withdrawn. The defendant paid over to his client's orders $800, and retained $200 for his costs and counsel fees, which is found to be a moderate compensation. Upon making this payment and settlement, the defendant took a receipt in full. Soon after the compromise, a conveyance was found from Wright and wife to Col. Burr, executed about thirty years previous.

The money was paid by the plaintiffs the 24th November, 1821, and this suit brought in 1827, to recover from the defendant the $200 retained by him for his fees.

These facts are found by a special verdict in the court of common pleas for the city of New-York, on which that court gave judgment for the defendant.

Two questions arise in this case : 1. Whether Mrs. Wright is liable to refund the sum of $1000 thus received by her? and if so, 2. Is the defendant liable to refund the $200 retained by him for his costs? As the first question is one upon which Mrs. Wright has not been heard, and as that question, we are informed by counsel, will be discussed in a suit now pending against Mrs. Wright, I shall consider first the latter question, assuming for the present argument the liability of Mrs. Wright. In *Buller* v. *Harrison*, (1 *Cowper*, 566,) Lord Mansfield says, "In general, the principle of law is clear, that if money be mispaid to an agent expressly for the use of his principal, and the agent has paid it over, he is not liable in an action by the person who mispaid it ; because it is just that one man should not be a loser by the mistake of another ; and the person who made the mistake is not without redress, but has his remedy over against the principal. On the other hand, it is just, that as the agent ought not to lose, he should not be a gainer by the mistake ; and therefore, if after the payment so made to him, and before he has paid the money over to his principal, the person corrects the mistake, the agent cannot afterwards pay it over to his principal, without making himself liable to the real owner for the amount." This rule is no where contradicted ; and it has been held, in accordance with this principle, that a payment to the principal after notice of the mistake, or other circumstances which amount to notice, does not exonerate the agent, but he is personally responsible to the owner of the money, which has thus erroneously come into his hands. What amounts to a payment over, is generally the question in cases coming under this principle. In the case just cited, a sum of money had been paid to the defendant upon a policy of insurance as agent for the insured, the plaintiff then

thinking the loss fair. The money was paid, part on the 20th April, and the residue on the 6th May, on which day the defendant credited the whole amount to the insured, in his account with them, against a larger sum in which they stood indebted to him. On the 17th May, the plaintiff gave the defendant notice that the loss was foul. At this time nothing had happened to alter the situation of the defendant in relation to his principals. He had given no new credit, accepted no new bills, but affairs remained between them as on the 20th April. The principal question, therefore, was, whether the defendant having placed this money to the account of his principals in the manner stated, was equivalent to a payment over ; and the court held it was not.

The case of *Edwards* v. *Hodding*, (5 *Taunt.* 815,) was an action against the defendant as agent and auctioneer for the deposit made by the plaintiff, as purchaser of a freehold estate at auction. The defendant had paid over the deposit after notice that the purchaser was dissatisfied with the title, and therefore the payment over did not protect him. In the case of *Cox* v. *Prentice*, (3 *Maule & Sel.* 345,) the defendant, as agent of his correspondent at Gibraltar, had sold the plaintiffs a bar of silver, for which they paid more than the value, from the mistake of the assay-master. Upon discovering the mistake, the plaintiffs applied to the defendant for a return of the money, offering to return the silver. The defendant refused, on the ground that he had forwarded his account to his correspondent, in which he had credited him with the full sum ; it appeared, however, that the account was still unsettled between them. Lord Ellenborough states the principle of the agent's liability where there is no change of circumstances, and says, here it is admitted that no money has been paid over by the defendant to his principal, nor has there been any other thing done by him to create a change of circumstances. He then argues the case upon the liability of the principal. Bayley, justice, speaking of the case of *Buller* v. *Harrison*, says, " That case decides, that if things remain in the same state as they did here, the action will lie against the agent." The same point has been so decided in this court. (7 *Johns. R.* 182, and 7 *Cowen*, 460, *La Farge*

v. *Kneeland.*) In the latter case, Kneeland had received money for Braham and Atwood, which the plaintiff was entitled to recover from them; but the defendant had passed it to the credit of his principals, and that credit was passed to the credit of another account. This we considered equivalent to a payment. It closed the account between the agent and his principals, and therefore we held the agent was discharged. In this respect, *that case differed from the cases of Buller v. Harrison and Cox v. Prentice.* In both these cases the account remained open; no change of circumstances had taken place; an erroneous credit had been given, which might be balanced by a corresponding charge on the debit side of the account; no settlement had taken place, nor any closing of the accounts between the parties.

In the case now under consideration, the money was honestly and fairly received by the defendant as agent for his client, who, we now assume, ought to pay it back. The defendant disposed of the whole of it according to the directions of his client, paid her $500, paid $300 to one Elias Baldwin, retained $200 to himself, and finally settled his accounts and concerns with his principal, by taking a receipt in full. The $200 never passed out of his hands; and it seems to be conceded, that if he had paid the whole sum to Mrs. Wright, and she had paid him back $200 in other money, this action could not be sustained. And is it possible that the rights of parties in this court depend upon idle and unmeaning ceremonies? If the transaction was what it purports, it was in reality a payment by the defendant to his client, of the money in his hands, which he had received as her agent, and payment by her to her attorney of his costs. This closed the account between them. It is not to be corrected by a charge in an open account. There is no foreign correspondent either in America or at Gibraltar, as in the cases above cited, of *Buller v. Harrison* and *Cox v. Prentice.* If the plaintiffs recover here, the defendant must resort to his action to recover his money. This the plaintiffs can also do, and indeed have done. And here, too, it is alleged, if the defendant should be driven to his action against his client, his remedy is gone by lapse of time. The plaintiffs do

not sue till the statute of limitations is closing upon them; and already more than six years have elapsed since the settlement between the defendant and his client.

I am of opinion that the defendant is not liable, and that the judgment of the court below be affirmed.

Judgment affirmed.