[*453]          *DUFFY AND OTHERS *v.* BUCHANNAN AND OTHERS.

> Where a person was entitled to a share of the personal estate of an intestate, and the agent of other persons entitled also to portions of such estate had received all the proceeds of the same and remitted the whole to his principals, and afterwards there came into his hands a portion of the proceeds of the real estate which belonged wholly to his principals, it was held that such person, whose share of the personal estate had been so paid by such agent to his principals, had an equitable claim upon the proceeds of the real estate in the hands of the agent. .
>
> The agent is not liable for the payment to his principals of the share of the personal estate which did not belong to them, having paid the same without notice.
>
> The remedy of the person entitled to the share of the personal estate so paid by mistake to the principals, is against such principals or the personal representatives of the intestate.

March 25th.          IN 1820, George Duffy, a resident at Philadelphia, being possessed of real and personal property there, died intestate and without issue, leaving his widow and a brother and sister of the full blood, and one brother and two sisters of the half blood, him surviving. Under the laws of Pennsylvania, one-half of the personal property belonged to the widow, and the other half to the five brothers and sisters in equal proportions; and the real estate descended to the brother and sister of the full blood, subject to the widow's right of dower. The brothers and sisters all resided in Ireland. Those of the full blood, claiming the whole of the proceeds of the real and personal estate except the widow's

share, sent a power of attorney to the defendant Buchannan, the British consul at New York, to receive and transmit to them the proceeds of the property. In December, 1820, he received $1,900 for the proceeds of the personal estate, which he remitted to them, after deducting $100 as a compensation for his trouble and commissions. In July thereafter, he received $624 95 for the proceeds of the real estate; but before this was remitted, he had notice from the brother and sisters of the half blood of their claim, and was forbidden to pay over the moneys in his hands. In February, 1824, he paid to Charles Duffy, the brother of *the half blood, $388 87; the latter indemnifying him against the claims of any of the family in respect of the same; and the residue, $236 08, still remains in the hands of Buchannan. The bill was filed by the two sisters of the half blood of the intestate; it was taken as confessed against the brother and sister of the full blood, and the brother of the half blood; and the cause was heard on pleadings and proofs as against Buchannan.

1829.

Duffy
v.
Buchannan.

[*454]

*D. Selden*, for complainants.

*G. Brinckerhoff*, for Buchannan.

THE CHANCELLOR:—The consul having received the proceeds of the personal estate as the agent of the brother and sister of the full blood, and paid it over to his principals without notice of the claim of the other parties, he is not liable to them for that amount. Their remedy is against the principals or against the personal representatives of the intestate who has paid over the money to the wrong parties. (2 Livermore, 261.) But the principals having received more than their share of the personal estate, the brother and sisters of the half blood had an equitable claim upon the proceeds of the real estate in the hands of the same agent. There must be a decree that the defendant Charles Duffy refund to Buchannan the amount received

1829.

Van Horne
v.
Crain.

by him over and above one-third of the $624 95; and that the latter pay one-third of the last-mentioned sum to each of the sister of the half blood, and the brother and sisters of the half blood must have a decree against the brother and sister of the full blood severally, for the payment of the residue of their respective shares of the personal estate, with interest thereon from the time it was received by their agent. As it does not appear that the brother and sister of the full blood had been applied to for the payment before this suit was commenced, neither they or Buchannan are to be charged with the complainant's costs. But Buchannan must have a decree over against his principals for the costs to which he has been subjected by their mistake.