## Ellen Kimball v. Edward Goodburn and another.

*Release of mortgage: Corporation: Secretary: Official character.*  A release of a mortgage to a corporation which had been previously paid, executed by the last secretary of the company, who is not shown to have resigned or lost his official character, is held to have been lawfully executed; mere lapse of time would not destroy his official character, and he was properly authorized to do the formal act of releasing a satisfied mortgage, and could do it anywhere.

*Mortgages: Release: Corporation: Receiver: Evidence: Secretary.*  A mere return or order of a circuit court commissioner to whom it had been referred to appoint a receiver of the company, stating the appointment and his action thereon, without any showing of confirmation, is not sufficient evidence that the assets were in the hands of a receiver, to be entitled to any consideration as invalidating a release executed by the secretary, of a mortgage which had previously been satisfied.

*Corporations: Receivers.*  A corporation cannot apply in its corporate capacity and name to be put into the custody of a receiver.

*Land contract: Time: Delay: Consent: Waiver: Statute of frauds.*  Where a land contract provides for the payment of part of the consideration by conveying other land described free and unincumbered within a year, or in lieu thereof eight hundred dollars with interest, the time limited is not so far of the essence of the contract that it may not be waived; and if waived, the right to pay by conveying the land within a reasonable time is within the protection of a court of equity, though not renewed by a written agreement.

*Contract to convey lands within specified time: Delay: Waiver: Estoppel.*
And the defendants in this case having expressly consented to delay in the performance of such a stipulation, and received money in consideration thereof, are held not warranted in resisting performance, which was tendered after only a brief delay, and when there had been no injurious change in values or other circumstances.

*Contract to convey lands: Title from third person.* The tender of a title which satisfied the requirements of the stipulation in other respects would not be objectionable because it comes not directly from the party to the contract, but from a third person.

*Heard April 15. Decided April 27.*

Appeal in Chancery from Shiawassee Circuit.

*Gould & Lyon,* for complainant.

*W. M. Kilpatrick* and *Hugh McCurdy,* for defendants.

CAMPBELL, J:

Specific performance was granted in the circuit court for Shiawassee county of a written contract whereby defendants agreed on certain terms to convey to complainant the land in controversy. The price was sixteen hundred dollars. Of this four hundred was paid down; three hundred December 1, 1872, and one hundred April 1, 1873. The balance was to be paid in land described in the contract and situated in Saginaw county. The clause in the contract on which this suit has been contested is as follows: "Said land to be deeded free and unincumbered within one year, or in lieu thereof eight hundred dollars to be paid with lawful interest from the date hereof to be paid annually on the whole sum remaining due and unpaid in each year." The contract was dated October 11, 1872.

The Saginaw land had been mortgaged in 1857 for one hundred dollars to a corporation known as the Bushwick company. This mortgage was paid, but not discharged of record. Complainant had not succeeded in obtaining this discharge within the year. Seeing this could not be done at once, complainant communicated with Goodburn, who agreed that he would give her the necessary time to do this

if she would pay him legal interest on eight hundred dollars for a year, and ten per cent. thereafter until the release should be obtained and the title perfected. She paid him fifty-six dollars and agreed to pay the ten per cent.

The release was obtained in January, 1874, but defendants refused to perform. It is objected, among other things, that the release is invalid because not properly executed. It was executed by a person who is shown to have been the last secretary, and who does not appear to have resigned or lost his official character, which mere lapse of time would not destroy. The mortgage having been paid, its release was a matter of right, and we think the secretary was properly authorized to do the formal act, and could do it anywhere.

It was also claimed that the assets were in the hands of a receiver who had never been discharged. We have no evidence of this but the return or order of a circuit court commissioner to whom it had been referred to appoint a receiver, stating the appointment and his action thereon. The evidence of confirmation is wanting. But the order appears to have been made in a proceeding wherein the Bushwick company itself appears to be complainant, and we are aware of no case where a corporation in its corporate capacity and name can apply to be put in the custody of a receiver. Moreover, the mortgage having been paid, there was nothing for the receiver to take, and the complainant was entitled to have the records cleared by a release in the right and name of the corporation. We do not regard the receivership as entitled to any notice.

It is claimed, however, that by the expiration of the year without performance, the right to pay in land ceased and was changed into a money liability so as to extinguish the land contract as to the Saginaw land; and that it could not be renewed or waived except in writing, because of the statute of frauds.

This is an erroneous view. The agreement will bear no such construction. It was optional for complainant to pay

in land or money; and had it not been, there is nothing in the rules of equity which renders time essential as to land any more than as to money. Time was distinctly waived in this case, but so long as defendants retained the first payments and took no measures to forfeit the contract, they could not repudiate it merely on the ground of a brief delay. There has been no injurious change in values or other circumstances that might render performance unjust. Complainant has acted fairly and with reasonable diligence throughout, and filed her bill quite early. The defendants are seeking to resist performance after receiving money and consenting expressly to delay. Complainant is not in fault, and defendants are.

The suggestion that the title offered comes not directly from complainant, but from another person, is of no force. She agreed to give a clear title, and is prepared to do so.

We have not deemed it important to discuss the negotiations at length, as complainant would be entitled to relief without them, where the delay was so small, and where there were no equities to the contrary.

The decree must be affirmed, with costs.

GRAVES, CH. J., and COOLEY, J., concurred.