## Philip L. Wixson v. Clark Haywood.

*Contracts: Subscriptions for stock: Parties: Agreement to furnish ' stock: Special contract: Money had and received.* Wixson, with others, subscribed an agreement circulated by Haywood, whereby such subscribers undertook and agreed with John Sinclair & Co. to take the shares subscribed by them respectively in a petroleum company which the contract stated was being formed by said Sinclair & Co. to develop a part of the Clark farm on Pithole creek and a branch of the same, Wixson subscribing for one share and paying therefor to Haywood one hundred dollars; this contract was signed only by the subscribers for stock, and no signature was appended on the part of Sinclair & Co. Haywood signed and delivered to Wixson a receipt for the one hundred dollars, which recited that the latter is "entitled to certificate of one share of stock," etc., "in accordance with the terms of the subscription to which said Wixson's name is attached."

*Held*, 1. That Haywood was not liable to Wixson under a special count upon a contract to furnish and deliver to Wixson, in consideration of said subscription and of the payment of the one hundred dollars, the stock called for by the subscription, in the absence of any showing that Haywood was a member of the firm of Sinclair & Co., or that any company had in fact been organized by said firm as contemplated by said subscription paper; that the paper signed by Haywood does not promise that a company shall be formed, nor does it make Haywood a party to the undertaking on behalf of Sinclair & Co. in the subscription paper to form one.

*Held*, 2. That the receipt by Haywood of the money paid by Wixson on such subscription, under the circumstances, does not make him liable to Wixson under the general count for money had and received.

*Heard October 26.     Decided November 2.*     ·

Error to Sanilac Circuit.

*Divine & Wixson* and *G. V. N. Lothrop*, for plaintiff in error.

*Atkinson ' Bros.* and *John Atkinson*, for defendant in error.

GRAVES, CH. J:

Wixson sued Haywood in assumpsit and claimed to recover either upon a special count or the general count for money had and received.    The case was tried without a jury, and on special findings the court gave judgment for the defend-

ant.  The general question is presented, whether upon the facts the plaintiff showed himself entitled to recover.  *First,* as to the special count; that proceeds upon the theory that in consideration of one hundred dollars subscribed by Wixson to a paper looking to the subsequent creation of a joint stock company for an oil-well enterprise, and the payment of that sum to Haywood, the latter promised Wixson to furnish and deliver to him the stock called for by the subscription, and that Haywood failed in his undertaking.  This agreement of Haywood is claimed to rest upon two documents bearing date November 27, 1865.  The first is an agreement with "Sinclair & Co.," by "Perry & Knight," "Philip L. Wixson and Levi L. Wixson," and "Philip L. Wixson," respectively, to take the shares subscribed by them in a petroleum company, which it was stated was being formed by "John Sinclair & Co." "to develop" a part of the Clark farm on Pithole Creek and a branch of the same.  The plaintiff became a subscriber to this document for one share, and paid therefor one hundred dollars.  The money was in fact paid to Haywood.  No signatures were appended on the part of "Sinclair & Co.," and the instrument was only signed by the before mentioned subscribers for stock.

The second paper was signed by Haywood, and was in these terms: "Pithole Creek, Granite State Petroleum Company; capital seventy-five thousand dollars; shares one hundred dollars each.  Manchester, N. H., November 27, 1865.  Value received of Philip L. Wixson, of Lexington, Mich., is hereby entitled to certificate of one share of stock in the Pithole Creek, Granite State Petroleum Company, in accordance with the terms of the subscription to which said Philip L. Wixson's name is attached."

Sinclair resided in New Hampshire and the defendant in this state.  No company seems to have been formed, and the enterprise appears to have dropped after these preliminary movements.  The judge found expressly that it did not appear who composed the firm of Sinclair & Co., but he did not find that the defendant was a member.  In proceeding

to construe these papers in order to ascertain the defendant's relation to the transaction, there is much room for contending that the documents on their face imply that he was acting as agent for Sinclair & Co., and not on his own behalf. But passing this, we observe that he does not appear to have been a member of the firm of Sinclair & Co., or a subscriber to the first paper, or a party to it in any way, unless his connection with the second document made him a party; and we do not see how by any rule for construing instruments by their terms it can be held that his connection with the last paper made him a party to the first. ·

When we come to the paper Haywood signed we cannot find in it any agreement or promise that the company in question should be formed. Viewed in connection with the other, it imports that both parties expected that a company would be created, and were contemplating the right Wixson would then have in consequence of his present subscription and payment, and the most that can be said is, that Haywood stipulated that on the establishment of the company by Sinclair & Co., Wixson would stand entitled to the stock he had subscribed for; and hence until it appears that the company has come into existence, no claim founded upon the stipulation can be made against Haywood. I think, therefore, the plaintiff was not entitled to recover on the special count.

Was he entitled under the count for money had and received? We think not. The money was paid by Wixson to satisfy his subscription upon the paper which Sinclair & Co. tendered to him as a subscription list, and the defendant is not shown to have had any interest in that money. It is true it was in fact paid to defendant, but not to his use. As before stated, it was paid upon the subscription circulated by Sinclair & Co., and of which company the defendant was not shown to be a member, and it was so paid to the eventual use of the joint stock company Sinclair & Co. were to bring into existence, and it was manifestly meant for the hands of Sinclair & Co. in the first

instance. There is nothing to show that it did not go into their hands long before this suit was commenced, and before any claim against Haywood. The plaintiff had the right, as against defendant, as the case now appears, to contend that the money should be paid to Sinclair & Co. Indeed, it would seem that Haywood actually received it as money to go to Sinclair & Co., whoever composed that firm. It does not appear, therefore, that Haywood has any money in his hands which in equity and justice belongs to Wixson.

The judgment should be affirmed, with costs. ·

The other Justices concurred.