The Court at General Term, said :—“The findings of fact of the learned referee cannot be reversed, and the counsel for appellants does not claim that they should be. The result is that the judgment for defendant was not erroneous.
“ The plaintiffs, through their agent, bought the shares in reality of Robinson & Junkin, although they may have intended to buy shares that belonged to the company, of the company. Accordingly, they did not pay the price of the shares to Robinson & Junkin or any agent of them, and did not intend to do that; but, believing that the company was the owner and seller, they drew a check to the defendant’s order as treasurer, meaning that the payment of it over should be payment to the company. The referee has found that the defendant knew nothing of, and was not in any way connected with the sale to the plaintiffs. On such facts, it may be granted, that the defendant would be liable to an action if, when the check or its proceeds were in his possession, he refused to deliver *540 either upon demand. The fact as found, is that some two years before demand, he had paid the proceeds of the check out for the use of the company, at the request of the secretary of the company. He was agent for the company. The money was paid to him only as agent, and after payment by him he was no longer hable. Under some circumstances, an action would not he against him personally, if he had not paid over, for acts which he did. only as agent (Calvin v. Holbrook, 2 N. Y. 126 ; Hall v. Lauderdale, 46 Ib. 70 ; Mowatt v. McLean, 1 Wend. 173 ; Duff v. Buchanan, 1 Paige, 453 ; Lafarge v. Kneeland, 7 Cow. 456 ; Costigan v. Newland, 12 Barb. 456).
Albert Stickney, for appellants.
M. W. Devine, for respondent.
“ The most important fact as to the merits is that the defendant did pay the money out for the company, and in so doing complied with the request of plaintiffs. The appellants argue that before he made the payment which the referee finds to have been on account of the company, he had appropriated the check to his use by indorsing it as treasurer and then depositing it in his own bank account. The so-called appropriation was, on the facts, a means of keeping the money for the company’s use.”
Opinion by Sedgwick, Oh. J.; Freedman and Truax, JJ., concurred.
Judgment affirmed, with costs.