## Philander T. Shepard *vs.* Robert Sherin.

### June 2, 1890.

**Agent—Liability for Money Paid to him by Mistake.**—An agent to whom money is paid for his principal by mistake is not liable to the party paying it, if he has paid it over to the principal before notice of the mistake and that he is required not to pay it over.

**Same—Notice to Agent not to Pay Over.**—The notice need not be formal, but it must apprise him of the mistake, and that the party intends by reason of it to reclaim the money.

**Same—Who may Give Notice.**—One having no interest nor authority in the matter cannot give such notice.

Action to recover $130.52, brought in the district court for Faribault county, and tried without a jury by *Severance,* J. Judgment was ordered for defendant, who appeals from an order granting a new trial.

*Benj. G. Reynolds,* for appellant.

*Lorin Cray* and *J. L. Washburn,* for respondent.

GILFILLAN, C. J.[1] On the evidence, there could be no question of the main facts in the case, especially that the overpayment was merely through mistake of fact, and not through any fraud or fault on the part of defendant; that he received it expressly for his principal, R. W. Sherin, and had paid the money over to him the same day. These facts were found by the court below; and on the motion for a new trial the court, as appears from its memorandum filed, had no doubt of the propriety of those findings. But the court also found as a fact that the defendant so paid over the money without notice of any mistake; and, because it thought this finding was not justified by the evidence, it ordered a new trial. The evidence as to notice would not have justified any finding of notice to defendant that would have changed the proper result of the action. The law regulating the liability of an agent to the party paying it, for money paid to him for his principal through mistake, is well settled. We find it as well stated as anywhere in *Elliott* v. *Swartwout*, 10 Pet. 137: "When the money is paid voluntarily and by mistake to an agent, and he has paid it over to his principal, he cannot be made personally responsible; but if, before paying it over, he is apprised of the mistake, and required not to pay it over, he is personally liable." See, also, *Buller* v. *Harrison,* 1 Cowp. 565; *Hearsey* v. *Pruyn,* 7 John. 179; *La Farge* v. *Kneeland,* 7 Cow. 456; *Mowatt* v. *McLelan,* 1 Wend. 173.

The notice of the mistake, and requirement not to pay to the principal, need not be formal. The rule that, if he pays over without notice, he is not liable, is for the agent's protection; and, to deprive him of the protection, the notice to him should be sufficient to apprise him what the mistake is, and that by reason of it the party paying it to him intends to reclaim it.

The only notice of which there was any evidence came about in this way: The principal held the note and mortgage of one Burrows. The latter had arranged for a loan from plaintiff, and, as a part of the money to be loaned, the latter was to pay off the note and

---

[1] Vanderburgh, J., took no part in this case.

mortgage. The principal had authorized defendant to receive a specified sum as due on the note and mortgage, and on receiving it to deliver a satisfaction-piece executed by the principal. The sum specified was paid to him, and he delivered the satisfaction. The mistake claimed was in the amount due. Burrows testified that after the payment "I went out and saw Sherin. I told him I thought they had made a mistake. They had figured the note too much. He said he had got to go to the train, and said, if there was anything wrong, my son [the principal] would make it right." This was all the evidence of notice. Had such notice been given by the plaintiff, it would have been hardly sufficient; for it would not have apprised defendant that he intended to reclaim whatever might have been overpaid. But it was by one who had no authority in the matter. According to the arrangement between plaintiff and Burrows, the former could charge the latter with only what was actually due on the note and mortgage, and paid by him. In what was overpaid, plaintiff, and not Burrows, was solely interested. As relates to notice that could affect the rights of the parties, the finding of the court that there was none was the only finding that, on the evidence, could be made.

The respondent points out various rulings on the trial which he claims to be erroneous, and sufficient to justify an order granting a new trial. They have no bearing on the matter of notice, the point as to which plaintiff's case failed, and therefore they could not prejudice him.

Order reversed.

DICKINSON, J. I concur in this decision upon the ground that the evidence did not show any such notice by Burrows as to affect the duty or conduct of the defendant in his agency. I, however, think that, upon the facts as found by the trial court, Burrows might have given such notice as would have enabled him to maintain an action to recover the surplus.