# JOHN ERICKSON v. GEORGE C. BORCHARDT AND OTHERS.[1]

May 3, 1929.

No. 27,275.

*Silas M. Bryan,* for appellant O. M. Peabody.
*Einar Hoidale,* for appellants W. F. and J. A. Nelson.
*Ellsworth, Clinite, Anderson & Dills,* for respondent.

STONE, J.

Tried without a jury, this action resulted in a decision for plaintiff, and the defendants appeal from the judgment.

Alleging that by the fraudulent representations of defendants plaintiff was induced to purchase certain stock of a corporation known as the Triangle Development Company, the complaint then avers that prior to the commencement of the action plaintiff offered to return to defendants the stock certificates and demanded the return of his purchase money. He further alleges defendants' refusal to accept the return of the certificates and repay, and now sues as for money had and received for his use. That is, plaintiff claims the right to rescind and that he has rescinded because of the alleged fraud of defendants and sues them not in deceit for damages but on their supposed quasi contractual obligation to disgorge his money.

[1]Reported in 225 N. W. 145.

In Burleson v. Langdon, 174 Minn. 264, 219 N. W. 155, we had occasion to consider whether, as against a defendant not himself enriched by a tort, the injured one could maintain anything but the appropriate action in tort, in that case trover. We held that he could not resort to indebitatus assumpsit because the quasi contractual obligation arises only where a defendant has been himself enriched by the wrong done. The purpose of the action for money had and received is to compel the restitution of ill-gotten gains, and so it does not lie against one who has not himself taken the plaintiff's money, property or services or received the benefit thereof. Plaintiff's proof of fraud is sufficient to sustain his case as to that element, but he did not prove or offer to prove that defendants or any of them were enriched unconscionably at his expense. So far as the record goes, his money went to the Triangle Development Company and was kept by it. There is no evidence that defendants or any of them received any of it. So plaintiff cannot recover from defendants the amount he paid someone else for the stock.

Judgment reversed.