# NORTHWESTERN UPHOLSTERING COMPANY v. FIRST NATIONAL BANK & TRUST COMPANY OF MINNEAPOLIS.[1]

January 25, 1935.

No. 30,040.

*Junell, Driscoll, Fletcher, Dorsey & Barker, Hugh H. Barber,* and *Donald E. Nelson,* for appellant.

*L. A. Hubachek* and *S. M. McNamara,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action for conversion in the municipal court of Minneapolis to recover $371.52 with interest. The facts are not in dispute. July

[1]Reported in 258 N. W. 724.

9, 1930, a check on the American National Bank of St. Cloud was drawn and made payable to "N. W. Reed and Rattan Company" in the amount of $371.52. Through error or otherwise, this check came into the possession of W. J. Hoetger, then receiver of the Northwestern Reed and Fibre Company. He indorsed the check "W. J. Hoetger, Receiver N. W. Reed and Rattan Company" and deposited it with defendant, First National Bank & Trust Company of Minneapolis. Defendant bank collected the amount of the check from the American National Bank of St. Cloud and subsequently credited the same to Hoetger's account as receiver of the Northwestern Reed and Fibre Company. The Northwestern Reed and Rattan Company and the Northwestern Reed and Fibre Company are two separate and distinct corporations. About seven years before the issuance of this check, the Northwestern Reed and Rattan Company had changed its name to the Northwestern Upholstering Company, plaintiff in this action. There is no question but that Hoetger wrongfully and unlawfully indorsed this check and that plaintiff, Northwestern Upholstering Company, which succeeded to the rights of the Northwestern Reed and Rattan Company, should have received the proceeds thereof but has not received the same.

On or about October 5, 1931, Hoetger withdrew the proceeds of this check and on or about March 21, 1932, his account with defendant bank as receiver of the Northwestern Reed and Fibre Company was closed. About two years after Hoetger had closed out his account with defendant, plaintiff made claim for the amount of this check upon defendant bank. Upon motion, the trial court granted plaintiff judgment on the pleadings. Defendant appeals from judgment entered thereafter.

The single question presented is whether, on this state of facts, plaintiff is entitled to judgment in its favor on the pleadings. What happened was this: The check made to A was, through error or otherwise, received by B. It was indorsed by C as receiver of A. It does not appear from the pleadings that A ever was in receivership. C was in reality receiver of B and had no connection with A. The bank credited the check to the account of C as receiver of B despite the indorsement of C as receiver of A.

It is obvious that plaintiff cannot maintain an action for money had and received against defendant for defendant has paid out to Hoetger what it collected on the check and has not been personally enriched. An action in *indebitatus assumpsit* for money had and received will not lie against one who has not been personally enriched by the transaction. Erickson v. Borchardt, 177 Minn. 381, 225 N. W. 145; Burleson v. Langdon, 174 Minn. 264, 219 N. W. 155.

Under 2 Mason Minn. St. 1927, § 7233-1, defendant bank in receiving this item for collection acted as agent for Hoetger, the depositor. It does not appear from the pleadings that there was any special written agreement between Hoetger and the bank to the contrary. Defendant claims that an agent who acts for his principal in good faith and without knowing of any wrong or without being guilty of gross negligence in not so knowing and who disposes of property which the principal has no right to dispose of is not thereby rendered liable for conversion of property. He cites Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218; McLennan v. Northern Elev. Co. 57 Minn. 317, 319, 59 N. W. 628. Defendant further claims that an action cannot be maintained by a third party against an agent who, without knowledge or notice of the paramount rights of the third party, pays money or property collected by him over to his principal. He cites Shepard v. Sherin, 43 Minn. 382, 45 N. W. 718; Kremer v. Lewis, 137 Minn. 368, 163 N. W. 732.

Taking defendant at its word without passing upon the correctness of the above announced rules, we do not think defendant is relieved of liability. In our opinion the bank was guilty of a conversion. The bank knew Hoetger only as receiver of the Northwestern Reed and Fibre Company. Hoetger deposited the check to his account as such receiver. He had no connection with the Northwestern Reed and Rattan Company. Defendant's actions were not "without knowledge" within the above rules, for it had notice by the check itself that the Northwestern Reed and Rattan Company, to whose rights plaintiff succeeded, was the payee and not the Northwestern Reed and Fibre Company, whom Hoetger represented and to whose account he deposited the check.

A motion for judgment on the pleadings by plaintiff is in the nature of a demurrer. It challenges the sufficiency of the answer and admits the facts therein set out as true. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) §§ 7690a, 7693, and cases cited. In the answer defendant alleges that it acted without knowledge of any rights or claims of the plaintiff herein. Yet, in the same answer is an admission of the fact that this check made payable to the "N. W. Reed and Rattan Company" and indorsed as above described was credited to account of Hoetger as receiver of the Northwestern Reed and Fibre Company. This is enough in itself to show defendant to have had knowledge as a matter of law and to have been guilty of a conversion of this check. This result cannot be avoided by a general statement in the answer that defendant acted without knowledge. It is firmly established that specific allegations prevail over general allegations. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7722.

Affirmed.