WEINTRAUB *v.* H. B. EARHART, INCORPORATED.

1. APPEAL AND ERROR—QUESTION FOR JURY—TAXATION—RECOVERY OF REFUND.

On appeal from verdict and judgment for assignee of claim against purchaser of vendee interest in land for refund of special assessment for widening highway, case *held,* properly submitted to jury on plaintiff's theory that deal was consummated in accordance with her assignor's option to convey unincumbered title for certain price and that defendant acted as agent in paying such assessment as well as defendant's theory that option was discarded by both parties, defendant purchased vendee's equity and after assigning contract and giving quitclaim deed plaintiff and her assignor had no interest in property.

2. SAME—FUNCTION OF SUPREME COURT.

Supreme Court must support judgment in action of assumpsit based upon verdict of jury unless it shall be clearly made to appear that injustice will be done in so doing.

3. VENDOR AND PURCHASER—TAXATION—WARRANTY DEED.

Vendee's right to recover refund of special assessment from one who purchased vendee interest at given sum and used a portion of purchase.price to pay off existing outstanding obligations but retained none for disbursement at a future date and assumed no taxes or assessments levied against the property *held,* not affected by fact that warranty deed of premises went direct from vendee's vendor to defendant.

4. SAME—TENDER OF TITLE—THIRD PARTY.

Tender of title which satisfies requirements of option in other respects is not objectionable because title comes directly from one not a party to the contract.

5. ASSUMPSIT—TAXATION—REFUNDS—MONEY RECEIVED.

Action of assumpsit to recover refund of special assessment from one to whom plaintiff's assignor sold property is predicated on theory of money had and received by defendant for plaintiff.

6. SAME—COMMON COUNTS—MONEY RECEIVED.

Assumpsit for money had and received is an equitable action and can be maintained in all cases for money which, in equity and good conscience, belongs to the plaintiff, even without a showing of privity between the parties or an express promise to pay.

7. SAME—EQUITY—MONEY DECREE.

As a general rule, where money has been received by a defendant under any state of facts which would, in a court of equity, entitle plaintiff to a decree for the money, when that is the specific relief sought, the same state of facts will entitle him to recover the money in an action of assumpsit.

8. VENDOR AND PURCHASER—ASSUMPSIT—SPECIAL ASSESSMENT—REFUNDS—EVIDENCE.

In action by assignee of holder of vendee interest in realty, to recover refund of special assessment made to his assignee and quitclaim grantee, evidence *held,* to justify verdict for plaintiff.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 11, 1935. (Docket No. 67, Calendar No. 38,464.) Decided December 10, 1935.

Assumpsit by Rachel Weintraub against H. B. Earhart, Incorporated, a Michigan corporation, to recover the refund of a special assessment for widening highway. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Max M. Barahal* and *David M. Miro,* for plaintiff.

*William D. Gowans* and *Harold R. Martin,* for defendant.

Edward M. Sharpe, J. In this cause plaintiff began suit as the assignee of her husband, Abraham Weintraub, to recover the amount of a past-due special assessment for the improvement of Vernor highway in the city of Detroit, which assessment had been refunded to the defendant company.

Abraham Weintraub was the vendee in a land contract from the Detroit Beverage Company as vendor. He became in default on the contract and in April, 1930, foreclosure proceedings were instituted against him. During the summer of that year, one Thomas, a real estate broker, approached Weintraub relative to the sale of said premises and requested an option for the purchase of the same. On October 20, 1930, an option was prepared by Thomas and signed by Weintraub and plaintiff. It provided for the sale of the premises for the sum of $20,000 payable in cash upon the execution and delivery of a warranty deed conveying an unincumbered title; and that Thomas was acting as a broker for an undisclosed principal and was to receive a commission of $500 for his services. The optionee named in the agreement was the White Star Refining Company.

Before the acceptance of the option by the White Star Refining Company on October 24, 1930, Mr. Thomas had been informed that Weintraub's vendor

had instituted foreclosure proceedings and also knew of certain tax delinquencies. On October 31, 1930, Thomas again called upon Weintraub; plaintiff and her husband thereupon executed a quitclaim deed and an assignment of the land contract to H. B. Earhart, Inc., defendant herein. This was the first knowledge that Weintraub had as to the identity of the undisclosed principal named in the option. Weintraub and Thomas then proceeded to the office of the White Star Refining Company where the remainder of the deal was consummated. The office of defendant company and White Star Refining Company were located in the same place and Mr. Foster, counsel for the White Star Refining Company, supervised the consummation of the deal. Also present at this time was a representative of Weintraub's vendor who on behalf of his company executed and delivered to defendant company a warranty deed warranting title up to 1919.

At the time the deal was closed on October 31, 1930, Weintraub was indebted to several parties in connection with this property and checks were delivered to them as follows:

| | |
|---|---:|
| To Detroit Beverage Company, for $8,214.83 balance of principal; $360.97 interest; and $86.50 foreclosure charges | $8,662.30 |
| Charles H. Wiltsie, for tax title | 2,255.66 |
| City treasurer, Detroit, for delinquent taxes | 3,953.49 |
| Wayne county treasurer, for delinquent taxes | 523.42 |
| H. A. Thomas, for commission | 478.00 |
| | $15,872.87 |

The check to the city treasurer included the Vernor highway widening assessment of $2,197.98 and

about two months after the deal was closed H. B. Earhart, Inc., conveyed the property to the White Star Refining Company. Subsequently and on October 13, 1933, by virtue of a decision of this court, *Dix-Ferndale Taxpayers' Ass'n* v. *City of Detroit,* 258 Mich. 390, the tax so paid together with interest was refunded to defendant company. The cause was tried and a jury returned a verdict for plaintiff upon which judgment was entered and from which judgment defendant company appeals.

It is the claim of plaintiff that the transaction was consummated in accordance with the terms of the option; that the sale price was $20,000; and that the defendant company in paying the taxes for the Vernor highway assessment was acting as the agent for Weintraub and as such must now return to plaintiff the money received as a refund from the city growing out of the Vernor highway assessment. On the part of the defendant company it is contended that the option was mutually discarded by both parties; that the defendant company purchased Weintraub's equity in the premises for $4,083.13; and that when Weintraub and plaintiff gave a quitclaim deed and assigned the contract to defendant company they had no further interest in the property.

We have carefully examined the record and briefs and find that both theories were properly submitted to the jury, and that there was evidence supporting both claims. As was said in *Bush* v. *Brooks,* 70 Mich. 446, 460, "It is our duty to support the judgment unless it shall be clearly made to appear that injustice will be done in so doing."

As we review the testimony, we find that, shortly after defendant company received the option, they were informed of the nature of plaintiff's interest in the premises; that Thomas was authorized to pay

$20,000 for the property; and that the total purchase price of the property was $20,000 plus a few extra dollars for the purchase of a title policy. Moreover, Mr. Thomas' commission was based upon a $20,000 sale price. It further appears that, when the deal was closed, all payments were made and no funds retained by defendant company to be disbursed at a future date, nor was there any agreement whereby defendant company was to assume any of the taxes or assessments levied against the property.

We are inclined to the belief that the method of payment used by defendant company in the disbursing of the funds was for its own protection and did not change the agreement between the parties involved, nor does the fact that defendant company obtained a warranty deed direct from plaintiff's vendor change the legal effect of their contract.

In *Kimball* v. *Goodburn* (syllabus), 32 Mich. 10, we held:

"The tender of a title which satisfied the requirements of the stipulation in other respects would not be objectionable because it comes not directly from the party to the contract, but from a third person."

Plaintiff's claim for recovery is predicated upon the theory of money had and received by the defendant company for the plaintiff. In *Hoyt* v. *Paw Paw Grape Juice Co.* (syllabus), 158 Mich. 619, it was held that,

"Assumpsit for money had and received is an equitable action and can be maintained in all cases for money which, in equity and good conscience, belongs to the plaintiff, even without a showing of privity between the parties or an express promise to pay."

And in *Moore* v. *Mandlebaum,* 8 Mich. 433, 448, we said,

"We understand the law to be well settled that the action of *assumpsit* for money had and received is essentially an equitable action, founded upon all the equitable circumstances of the case between the parties, and if it appear, from the whole case, that the defendant has in his hands money which, according to the rules of equity and good conscience, belongs, or ought to be paid, to the plaintiff, he is entitled to recover. And that, as a general rule, where money has been received by a defendant under any state of facts which would in a court of equity entitle the plaintiff to a decree for the money, when that is the specific relief sought, the same state of facts will entitle him to recover the money in this action."

Our conclusion is that there was evidence from which a jury would be justified in bringing in a verdict for the plaintiff.

Judgment affirmed, costs to plaintiff.

Potter, C. J., and Toy, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.