TREVOR *v.* FUHRMANN.

1. JOINT TENANCY—BANK ACCOUNT—EVIDENCE OF OWNERSHIP OF FUND.

The husband of defendant was the actual owner of funds in a joint bank account, where evidence shows that the money in such account came from his earnings.

2. MONEY RECEIVED—ASSUMPSIT—EQUITY.

The action of assumpsit for money had and received is essentially an equitable action and if it appear from the whole case that defendant has money which, according to the rules of equity and good conscience belongs to, or ought to be paid to, the plaintiff, he is entitled to recover.

3. SAME—RECEIPT OF MONEY BY DEFENDANT.

Defendant in an action of assumpsit for money had and received must have received the money in order to be held liable to plaintiff.

4. SAME—PERSONAL ENRICHMENT OF DEFENDANT.

An action of *indebitatus* assumpsit for money had and received will not lie against one who has not been personally enriched by the transaction.

5. SAME—INDORSEE OF CHECK—EVIDENCE AS TO ENRICHMENT.

Defendant, indorsee of plaintiff's check, was entitled to show in action of assumpsit for money had and received that she did not actually receive plaintiff's money and was not "unjustly enriched" thereby.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 7 Am Jur, Banks § 426 *et seq.*
[1, 6] Gift or trust by deposit of funds belonging to the depositor in a bank account in the name of himself and another. 48 ALR 189; 66 ALR 881; 103 ALR 1123; 135 ALR 993; 149 ALR 879.
[2] 4 Am Jur, Assumpsit § 20.
[3–6] 4 Am Jur, Assumpsit §§ 22, 26.

6. SAME—RECEIPT OF MONEY—DEPOSIT IN JOINT ACCOUNT—UNJUST ENRICHMENT—FRAUD.

> Testimony of defendant, indorsee of plaintiff's check, and other witnesses, received in nonjury action of assumpsit for money had and received subject to objection of plaintiff, *held*, competent and sufficient to establish that defendant had not actually received plaintiff's money and was not "unjustly enriched" thereby, where it appears that restrictive indorsement to defendant was to enable her to deposit it in joint bank account of herself and husband, that he actually owned the funds in the account and had previously paid therefrom such sum and more to drawee's stepdaughter who had directed its payment to defendant's husband and which stepdaughter had procured issuance of check to drawee by fraud.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 7, 1953. (Docket No. 24, Calendar No. 45,924.) Decided November 27, 1953.

Assumpsit by Russell F. Trevor against Louise C. Fuhrmann to recover amount of his check payable to third party and indorsed to defendant. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Francis W. McCauley* (*Wayne A. Anderson*, of counsel), for plaintiff.

*Fildew, DeGree & Fleming* and *Wallace Visscher*, for defendant.

CARR, J. Plaintiff brought suit to recover from defendant the sum of $13,000, claiming that he had been induced to part with the money through the fraud of a third person and that defendant had received it without payment of consideration therefor. The declaration alleged that on or about the 27th of October, 1951, one Eva Lott undertook to procure a loan from plaintiff, representing that she intended to use the money to finance a certain investment that

she claimed to have previously made and that plaintiff would be repaid within a few days thereafter. Plaintiff alleged that he relied on the representations by Mrs. Lott, that said statements were in fact false and made with intent to cheat and defraud him, and that Mrs. Lott intended to use the money to pay certain existing debts that she owed.

Plaintiff further alleged that he made an appointment with Mrs. Lott to meet her at a certain bank for the purpose of delivering the money to her, that at the appointed time Mrs. Lott did not come in person but sent another party to receive the funds, requesting plaintiff by telephone to give to such party a check in the sum of $13,000 for her account. Plaintiff complied with the request. He further claimed that subsequently the check was indorsed by Mrs. Lott's representative to the order of the defendant and was later paid by the bank on which it was drawn. The pleading did not aver any fraud on the part of defendant, or in fact any knowledge on her part of Mrs. Lott's fraudulent misrepresentations, if such there were, but asserted that as a result of the transaction defendant became "unjustly enriched" in the sum of $13,000 to which sum the plaintiff was legally entitled.

On the trial of the case plaintiff offered testimony tending to show that Mrs. Lott had negotiated the loan by representing that she intended to use the money to protect an investment or trust fund in the Oxford Paint & Varnish Company of Oxford, Ohio, and that within a few days she would be in position to make repayment. Plaintiff testified in substance that he believed Mrs. Lott's statements and that he issued the check to her representative, Mrs. Borck, who was Mrs. Lott's stepmother, in reliance on the truth thereof. At the time he took a note, signed by Mrs. Borck, in the amount of the check.

Mrs. Borck was called as a witness on behalf of plaintiff, testifying that she represented Mrs. Lott in actually obtaining the check from him. She then took it to Mrs. Lott who directed her to deliver it to Fred W. Fuhrmann, the husband of the defendant in this case. Thereupon Mrs. Borck went to the Fuhrmann home and, having indorsed the check, handed it to Mr. Fuhrmann. It was the claim of the latter that he had previously loaned money to Mrs. Lott and that the check handed to him by Mrs. Borck was in repayment of a portion of such loans.

Mr. and Mrs. Fuhrmann testified that some conversation was had with Mrs. Borck as to the form of the indorsement, and that Mr. Fuhrmann requested, or directed, that the instrument be indorsed to Mrs. Fuhrmann to the end that she might deposit it in the bank. Accordingly Mrs. Fuhrmann wrote on the back of the check the words "Pay to the order of Louise C. Fuhrmann," and Mrs. Borck signed her name beneath. A couple of days later Mrs. Fuhrmann deposited the check in the National Bank of Detroit, in which Mr. and Mrs. Fuhrmann maintained a joint account. Subsequently the check was paid by the Wabeek State Bank on which it was drawn.

It appears from the undisputed testimony of both Mr. and Mrs. Fuhrmann that the money in their account in the National Bank of Detroit came from the earnings of the former and that Mrs. Fuhrmann had no income of her own. It thus appears that the husband was the actual owner of the funds in the account. *Murphy* v. *Michigan Trust Co.,* 221 Mich 243; *Van't Hof* v. *Jemison,* 291 Mich 385. It may be noted further that the money loaned by Mr. Fuhrmann to Mrs. Lott was checked from this same account.

It was the claim of defendant on the trial that in the transaction in question she acted merely as the

agent of her husband, that the check was indorsed
to her and deposited by her for the convenience of
Mr. Fuhrmann, that the check was in payment of an
obligation owing to him alone, and that she did not
in fact receive the money that plaintiff was seeking
to recover. Testimony offered in her behalf for the
purpose of showing what actually occurred at the
time Mrs. Borck brought the check to Mr. Fuhrmann
was objected to by counsel for plaintiff, and was re-
ceived at the time subject to such objection, but was
later disregarded by the trial judge in reaching a
decision in the case, apparently on the theory that
the form of indorsement on the check was conclusive.
Judgment was entered for the plaintiff and defend-
ant has appealed, claiming that the negotiable instru-
ments law* is not involved in the case.

The averments of the declaration clearly indicate
that plaintiff did not seek recovery on the check, but
was prosecuting his action on the theory of money
had and received. It was, in substance, his claim,
as set forth in his pleading, that defendant had in
her possession a sum of money which belonged to him
and which he was entitled to recover. The theory of
such an action was considered by this Court in the
early case of *Moore* v. *Mandlebaum,* 8 Mich 433, 448,
where it was said:

"We understand the law to be well settled, that the
action of *assumpsit* for money had and received is
essentially an equitable action, founded upon all the
equitable circumstances of the case between the par-
ties, and if it appear, from the whole case, that the
defendant has in his hands money which, according
to the rules of equity and good conscience, belongs,
or ought to be paid, to the plaintiff, he is entitled to
recover. And that, as a general rule, where money
has been received by a defendant under any state of
facts which would in a court of equity entitle the

* CL 1948, § 439.1 *et seq.* (Stat Ann § 19.41 *et seq.*).—REPORTER.

plaintiff to a decree for the money, when that is the specifie relief sought, the same state of facts will entitle him to recover the money in this action."

The foregoing statement was quoted with approval in *Weintraub* v. *H. B. Earhart, Incorporated,* 273 Mich 668, 674. It will be noted that such statement clearly imports that the defendant, in order to be held liable, must have received the money that the plaintiff seeks to recover. Of like import are *Wixson* v. *Haywood,* 33 Mich 68, and *Clark, Mason & Co.* v. *Parker, Webb & Co.,* 131 Mich 139. In recognition of the rule of law in this respect it was said in *Northwestern Upholstering Company* v. *First National Bank & Trust Company of Minneapolis,* 193 Minn 333 (258 NW 724) :

"An action in *indebitatus* assumpsit for money had and received will not lie against one who has not been personally enriched by the transaction. *Erickson* v. *Borchardt,* 177 Minn 381 (225 NW 145) ; *Burleson* v. *Langdon,* 174 Minn 264 (219 NW 155)."

See, also, 58 CJS, p 929, § 23; 4 Am Jur, p 510.

In *Marine Company* v. *City of Milwaukee,* 151 Wis 239 (138 NW 640), the plaintiff brought action to recover the amount of a special assessment paid under protest, claiming that it was invalid. However, the money had been paid over to the contractor who held a special assessment certificate issued pursuant to the city charter. In holding that the plaintiff was not entitled to recover in an action for money had and received, it was said:

"Such action is founded upon the theory that the defendant has the money which is sought to be recovered, or that he has been enriched by the transaction, so that in equity and good conscience he should be compelled to turn over to plaintiff a portion or the whole of the amount in controversy. The basis of a common-law action for money had and re-

ceived is not only the loss occasioned to the plaintiff on account of the payment of the money, but the consequent enrichment of the defendant by reason of having received the same."

Counsel for plaintiff cites and discusses the case of *Walker* v. *Conant,* 65 Mich 194. This Court there reversed an order of the trial court sustaining a demurrer to the plaintiff's declaration in assumpsit and remanded the case for trial on the merits. On such trial defendant had judgment and plaintiff again appealed, with the result that the judgment was affirmed. *Walker* v. *Conant,* 69 Mich 321 (13 Am St Rep 391). The later opinion discusses the material facts, and the first opinion in the controversy should be read in conjunction therewith.

In view of the nature of the action defendant was entitled to show in the instant case that she did not actually receive plaintiff's money and was not "unjustly enriched" thereby. The testimony offered by her in this connection was competent. It was sufficient to overcome any possible inference or presumption arising from the form of the indorsement on the check and to establish beyond question, being uncontradicted in any respect, that defendant was not liable. The judgment entered against her must be reversed.

The case is remanded to the trial court with directions to set aside the judgment in plaintiff's favor and to enter judgment for defendant. Appellant may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.